■ In the Matter of RICARDO PABON, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Mahoney, P. J.

Petitioner was an inmate at Clinton Correctional Facility when, on February 3, 1985, he was found to be in possession of

---

* At the time this proceeding was heard before Family Court, the stock. was valued at $42,595.

marihuana. On February 5, he was ordered to submit to a urine test, which he refused. On February 6, he was again ordered to submit to a urine test. After refusal, petitioner was placed in a room for three hours. At the end of that period he still did not comply with the order. Petitioner was charged with refusing to comply with a direct order and use of a controlled substance. After a Superintendent's hearing, he was found guilty of both charges and a penalty of 30 days' keeplock and loss of privileges and 30 days' loss of good time was imposed. Petitioner commenced this CPLR article 78 proceeding challenging the determination. The proceeding has been transferred to this court for disposition.

Petitioner's challenge concerns a departmental policy of respondents dealing with the refusal/inability of an inmate to give a urine sample. The two rules petitioner was charged with violating appear in the "Standards of Inmate Behavior-All Institutions":

"Rule 106.10 All Orders of facility personnel will be obeyed promptly and without argument * * *

"Rule 113.12 Inmates shall not make, possess, use, sell or exchange any narcotic, narcotic paraphernalia, or controlled substances. Refusal to submit to a test to determine if an inmate is under the influence of drugs will be considered as under the influence of same."

The Hearing Officer also relied on a guideline prepared by the Department of Correctional Services, referred to as directive No. 4937, which provides in part:

"If the inmate is unable to provide a urine specimen immediately, he shall be detained until he is able to provide a urine specimen * * *

"An inmate who is unable to provide a urine specimen within three hours of being ordered to do so shall be considered to be refusing to submit the specimen."

The misbehavior report completed by the correction officer who witnessed the incident stated that petitioner refused to provide a urine specimen. At the hearing, petitioner testified that he had been taking cold medication and was nervous and was unable to provide a specimen. The Hearing Officer sought to obtain the testimony of the correction officer, but he was unavailable. Even assuming that the factual issue of whether petitioner refused to submit a urine specimen or claimed that he was unable to was resolved in petitioner's favor, we cannot agree with petitioner that directive No. 4937 was improperly applied to him.

The directive simply creates a presumption. Petitioner does not challenge the directive itself, but only its application to him. Petitioner offered nothing other than bald assertions of his inability to comply with the order. He offered no evidence or testimony of medical personnel to support his contention. Contrary to petitioner's contentions, it is not the responsibility of the Hearing Officer to conduct an investigation and prepare petitioner's case for him. Thus, the application of the presumption in directive No. 4937 to petitioner was not arbitrary or capricious.

Petitioner's other contention is that respondents failed to publish the relevant portions of directive No. 4937 in the "Standards of Inmate Behavior-All Institutions" in violation of Correction Law § 138 (5), which states: "No inmate shall be disciplined except for a violation of a published and posted written rule or regulation, a copy of which has been provided the inmate." As stated earlier, the rules requiring inmates to obey orders of facility personnel and prohibiting the possession of narcotics are published in the booklet given to inmates. It was these rules that petitioner was charged with violating. Further, the presumption that refusal to submit to a drug test will be deemed evidence that the inmate is under the influence of drugs is published in the rule book. Directive No. 4937 simply deals with procedures to be followed when an inmate refuses or is unable to provide a urine specimen. It does not create a disciplinary rule, but simply provides a guideline. Thus, Correction Law § 138 (5) was not violated.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.