■ In the Matter of ROBERT E. CHAMBERS, Petitioner, v THOMAS COUGHLIN, as Commissioner of the State of New York

Department of Correctional Services, et al., Respondents. [642 NYS2d 387] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of the Department of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In December 1993, petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was the subject of a misbehavior report alleging that he had refused to provide correction officers with a urine sample, in violation of inmate rule 180.14 (7 NYCRR 270.2 [B] [26] [v]). At the disciplinary hearing that ensued, petitioner pleaded guilty to the charged infraction, but stated that he had been physically unable to provide the requested sample in the three hours allotted for the test due to stress resulting from concern over his girlfriend's illness.

Petitioner adduced the testimony of four inmates who confirmed that petitioner was experiencing anxiety at the time of the test. Two correction officers further testified that petitioner had offered to provide them with a blood sample in lieu of a urine sample.

At the close of the hearing, petitioner was found guilty of the charged offense and sentenced to 180 days in the special housing unit with attendant loss of privileges and one year's loss of good time. Petitioner then commenced this CPLR article 78 proceeding.

Petitioner contends that his due process rights were violated by the determination under review. The record, however, discloses nothing that supports this contention. Petitioner pleaded guilty to the charged offense and then took advantage of the opportunity to adduce in mitigation the testimony of four inmate witnesses, in an effort to show that his violation of rule 180.14 was not willful. Such testimony was duly considered by the Hearing Officer but was apparently outweighed by petitioner's record of prior drug-related disciplinary infractions at the facility (see, Matter of Hobson v Coughlin, 137 AD2d 940, 941).

We also reject petitioner's contention that the penalty was overly severe. Pursuant to 7 NYCRR 270.2 (B) (26) (v), an inmate's refusal to provide a urine sample renders him liable for the same penalty as would be imposed for a positive urinalysis result (see, Matter of Pabon v LeFevre, 124 AD2d 310, 311). This provision, together with petitioner's prior history of disciplinary infractions, leads to the conclusion that the

sanction imposed was not so severe as to be "grossly disproportionate to the offense [charged]" (*Cooper v Morin*, 49 NY2d 69, 82, *cert denied sub nom. Lombard v Cooper*, 446 US 984; *see, Matter of Hobson v Coughlin, supra*, at 941). Hence, it will not be disturbed.

We have examined petitioner's remaining contentions and find them to be either unpreserved for our review or without merit.

White, Casey, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.