■ In the Matter of MELVIN CUNNINGHAM, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [711 NYS2d 571] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of refusing a direct order and a urinalysis testing violation after he refused to produce a urine specimen. Petitioner commenced this proceeding contending, *inter alia,* that substantial evidence does not support the determination, that he did not willfully disobey the order to submit a urine specimen and that he was denied relevant witnesses.

Contrary to petitioner's contention, the misbehavior report, the testimony of the correction officer who authored the report and various other witnesses, as well as the exhibits introduced at the hearing, provide substantial evidence of petitioner's guilt (*see, Matter of Rizzuto v Coombe,* 225 AD2d 961). We reject petitioner's contention that his inability to produce a urine specimen was not willful and, therefore, he cannot be guilty of disobeying a direct order. Pursuant to 7 NYCRR 270.2 (B) (26) (v), an inmate's refusal to provide a urine sample renders him liable for the same penalty as would be imposed for a positive urinalysis result (*see, Matter of Chambers v Coughlin,* 227 AD2d 861). Additionally, we note that petitioner's inability to provide a urine specimen raised a credibility issue properly resolved by the Hearing Officer (*see, id.,* at 862).

Furthermore, we also reject petitioner's contention that he was denied his right to call an escort officer and a nurse as witnesses. The nurse testified and the escort officer's testimony was properly found by the Hearing Officer to be irrelevant (*see, Matter of Covington v Goord,* 262 AD2d 803). We also note that as petitioner voluntarily left the hearing before completion he forfeited his right to contest the outcome of the hearing on

procedural grounds (*see*, *Matter of Kalwasinski v Senkowski*, 244 AD2d 738).

We have examined petitioner's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.