Matter of White v Annucci (2019 NY Slip Op 00662)





Matter of White v Annucci


2019 NY Slip Op 00662


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526955

[*1]In the Matter of PAUL WHITE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ.


Paul White, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to, among other things, review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner attempted to send outgoing correspondence to the relative of an inmate who was confined at another correctional facility. The envelope was intercepted by the mail room clerk who opened it after detecting that it had insufficient postage. Inside was a letter with instructions to send copies of the legal work contained therein to the inmate for his signature and then have him distribute copies by mail to various addressees. When it was discovered that petitioner did not have authorization to correspond with or perform legal work for the other inmate, he was charged in a misbehavior report with violating facility correspondence procedures set forth in Department of Corrections and Community Supervision Directive No. 4422 (see 7 NYCRR part 720). Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.[FN1]
Initially, petitioner contends that the mail room clerk improperly opened the envelope without obtaining the Superintendent's written authorization in violation of 7 NYCRR 720.3 (e). We disagree; once it was determined that the envelope had insufficient postage and would thus be returned, it became subject to inspection (see Matter of Raqiyb v Goord, 28 AD3d 892, 894 [*2][2006]; see also 7 NYCRR 720.4 [k]; Matter of Tankleff v Senkowski, 3 AD3d 621, 622 [2004], lv denied 2 NY3d 703 [2004]). The materials inside revealed that the intended recipient was not the addressee identified on the exterior of the envelope, but was another inmate, a violation of 7 NYCRR 720.3 (p).
In addition, petitioner asserts that copies of Directive No. 4422 (see 7 NYCRR part 720) were not published and posted in prominent places within the correctional facility in accordance with Correction Law § 138. This statute, however, applies to rules and regulations governing inmate misconduct, not to guidelines like Directive No. 4422 that regulate inmate correspondence procedures (see Correction Law § 138 [1]; Matter of Baker v Scully, 157 AD2d 719, 721 [1990]; Matter of Pabon v LeFevre, 124 AD2d 310, 312 [1986]). Further, we find no merit in petitioner's claim that the misbehavior report failed to provide him with adequate notice of the charge because it did not properly reference Directive No. 4422. Although the author of the misbehavior report committed a clerical error in failing to accurately identify pertinent sections of Directive No. 4422, the report set forth the date and time of the incident, the rule violation involved, and specific details of the materials confiscated, thereby providing petitioner with sufficient notice to enable him to prepare a defense (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1187 [2018]; Matter of Legeros v Annucci, 147 AD3d 1175, 1176 [2017])[FN2]. We have considered petitioner's remaining claims and find them to be lacking in merit.[FN3]
Garry, P.J., Egan Jr., Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: We note that the proceeding was properly transferred to this Court as the petition raised the issue of substantial evidence, but petitioner has now abandoned that claim (see Matter of Infinger v Venettozzi, 164 AD3d 1578, 1579 [2018]).

Footnote 2: Notably, petitioner had access to Directive No. 4422 through the law library, obtained a copy and referred to it while questioning a witness at the hearing.

Footnote 3: To the extent that petitioner is disgruntled by the actions of specific correction officials and seeks a directive ordering an investigation, his complaints are more properly the subject of an inmate grievance (see 7 NYCRR part 701).