■ In the Matter of JOHN STEPHENS, Appellant, v BENJAMIN WARD, as Commissioner of New York State Department of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 1, 1977 in Clinton County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to

compel respondent to evaluate his physical condition and place him in a health-care facility. Petitioner, a 55-year-old Black male suffering from a heart condition, hypertension and diabetes, is presently serving a sentence of from three to six years at the Clinton Correctional Facility. In April, 1977 he was a patient at the Champlain Valley Hospital and thereafter was given prison hospital care with a special diet from April, 1977 to September 27, 1977. On the latter date he was placed in a special section of the general prison population known as "the invalid galley" with permission to purchase special food from the commissary and to receive food packages from his family. There is a presumption that public officials will discharge their duties in a fair and honest manner and in accordance with reason *(Kane v Walsh,* 295 NY 198, 206). The allegations of the petitioner, even if deemed to be true, fail to charge respondents with any violation of statutory law or prison policy and rules that would put in question the manner in which petitioner's illnesses were handled. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs *(Estelle v Gamble,* 429 US 97). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., Larkin and Herlihy, JJ., concur.