Timothy A. YOUNG, Plaintiff,

v.

David R. HARRIS, E. Michael Kalonick, and Thomas A. Coughlin, III, Defendants.

No. 80 Civ. 3276 (RJW).

United States District Court, S. D. New York.

March 13, 1981.

Timothy A. Young, pro se.

Paul Jawin, Deputy Asst. Atty. Gen., New York City, for defendant; Robert Abrams, Atty. Gen., State of N. Y., New York City, of counsel.

ROBERT J. WARD, District Judge.

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Timothy A. Young, who is proceeding *pro se* and *in forma pauperis*, has filed numerous "notices of motion" during the pendency of this action. After reviewing Young's papers, the Court has determined to treat these notices of motion as (1) a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.; (2) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; and (3) a motion to compel discovery pursuant to Rule 37, Fed.R.Civ.P. Defendants urge that the petition be dismissed, and also cross-move, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for an order dismissing the complaint for failure to state a claim upon which relief can be granted. Since defendants rely on material outside the pleadings, the Court will treat the motion as one for summary judgment pursuant to Rule 56, Fed.R.Civ.P. For the reasons hereinafter stated, plaintiff's motions are denied, plaintiff's petition is dismissed, and defendants' cross-motion is denied.

This action was commenced by a complaint filed in this Court on June 10, 1980. Young, a New York State prisoner, has been incarcerated in the Green Haven Correctional Facility ("Green Haven") from September 26, 1979 until the present time. Defendant Coughlin is the Commissioner of the New York Department of Correctional Services, defendant Harris is the Superintendent of Green Haven, and defendant Kalonick is the Health Services Administrator at Green Haven.

Young's claim is straightforward. He alleges that he suffers from a physical impairment in his left leg that requires him to wear a leg brace in order to be able to walk without substantial pain and difficulty. At some time prior to his transfer to Green Haven, he lost the leg brace that he had been using to cope with this physical impairment. A new brace was ordered in January 1979 from Bellevue Hospital. On October 1, 1979, just five days after his transfer to Green Haven, Young sought medical attention for his problem. He informed the Green Haven medical authorities that he needed a brace and had not received the one ordered from Bellevue Hospital. Upon his continued failure to receive the brace, after having been confined at Green Haven for nearly a year, Young commenced this action. As far as the Court is aware, Young has still not received the brace. Young seeks an injunction requiring defendants to provide him with a brace, and monetary damages compensating him for the period during which he has not had the brace.

■ Plaintiff's claim is thus that the continued failure of defendants to provide him with the leg brace that he requires to cope with his physical impairment constitutes cruel and unusual punishment in violation of the eighth amendment. The test governing prisoner claims alleging violations of the eighth amendment on the basis of inadequate medical care or facilities is well settled. In *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), the Supreme Court held that "[i]n order to state a cognizable claim a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."

Actions challenging the constitutionality of prison medical care fall into two categories. On the one hand, some cases involve an institution-wide challenge to all aspects of a system of medical care delivery. *See, e. g.,* Amended Complaint, *Milburn v. Coughlin*, 79 Civ. 5077 (RJW) (S.D.N.Y., filed Apr. 25, 1980) (alleging unconstitutionality of medical care at Green Haven on an institution-wide basis). On the other hand, some cases, including the instant action, seek to redress only one person's claim of unconstitutional denial of medical care. Under *Estelle*, it has been held that a prisoner seeking to prove an *individual* claim of unconstitutional denial of medical care must show either denied or unreasonably delayed access to a physician for diagnosis or treatment of a discomfort-causing ailment, or a failure to ·provide prescribed treatment. *Lightfoot v. Walker*, 486 F.Supp. 504, 509 (D.C.Ill.1980); *Todaro v. Ward*, 431 F.Supp. 1129, 1133 (S.D.N.Y.), aff'd, 565 F.2d 48 (2d Cir. 1977); *see, e. g., Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972) (allegation that plaintiff was denied adequate medical attention for serious nasal problem held to state eighth amendment claim); *Martinez v. Mancusi*, 443 F.2d 921, 923–24 (2d Cir. 1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971) (allegation that plaintiff was denied medication prescribed for pain held to state eighth amendment claim).

■ There can be no doubt that Young's complaint satisfies this standard. He alleges that, despite the passage of over two years since the leg brace was ordered and over sixteen months since the problem was brought to the attention of the Green Haven authorities, he has not been provided with a leg brace that is necessary to enable him to walk without substantial difficulty and discomfort. This allegation states an eighth amendment claim, on a theory that

defendants have failed to provide Young with prescribed treatment or that they have unreasonably delayed his access to such treatment.

Nor can it be contended that Young has failed to state his claim with the requisite specificity. The Court of Appeals for this Circuit has recognized that "certain claims are so easily made and can precipitate such protracted proceedings with such disruption of governmental functions that, despite the general rule of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), detailed fact pleading is required to withstand a motion to dismiss." *Angola v. Civiletti,* No. 80–6120, slip op. at 951 (2d Cir. Jan. 6, 1981). Civil Rights actions such as this are paradigmatic examples of cases where the rule of particularity in pleading applies. *See, e. g., Fine v. City of New York,* 529 F.2d 70, 73 (2d Cir. 1975); *Gutierrez v. Vergari,* 499 F.Supp. 1040, 1046 (S.D.N.Y.1980). Under this standard, a § 1983 plaintiff must allege some facts indicating that the claimed deprivation of civil rights actually occurred. *Fine v. City of New York, supra,* 529 F.2d at 73. Here, Young has alleged, and defendants have virtually conceded, that Young has been deprived of prescribed medical treatment during the entire period of his confinement at Green Haven. This fact alone is sufficient to "indicate" to the Court that Young may indeed have suffered the constitutional deprivation of which he complains.

■ Defendants argue that they did not have the requisite personal involvement in the conduct that forms the basis of Young's claim. The rule in this Circuit is unquestionably that the doctrine of respondeat superior does not afford a basis for the recovery of *monetary damages* in a § 1983 action. *Mukmuk v. Commissioner of the Department of Correctional Services,* 529 F.2d 272, 275 (2d Cir.), *cert. denied,* 426 U.S. 911, 96 S.Ct. 2238, 48 L.Ed.2d 838 (1976); *Johnson v. Glick,* 481 F.2d 1028, 1033–34 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Since Young's action seeks injunctive relief as well as monetary damages, this rule clearly does not support an award of summary judgment here. In any event, the question of defendants' personal involvement in the conduct complained of in this case must be left to trial, for the papers filed by the opposing sides disclose a factual dispute as to whether the presently named defendants had actual knowledge of Young's problem. In the Court's view, such actual knowledge would be sufficient involvement to justify the imposition of monetary liability on these defendants. The Court notes that the record before it apparently discloses that certain other officials at Green Haven clearly did and do have actual knowledge of Young's problem, and hence unquestionably would potentially be subject to monetary damages were they to be joined as defendants in this action. Young is hereby given leave to serve and file an amended complaint, if he so desires, adding such persons as defendants in this action.

■ Defendants next argue that they are protected from liability under § 1983 by virtue of the "good faith" immunity of governmental officials enunciated in *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1974). First, the Court notes that this immunity protects § 1983 defendants from being made the object of an award of monetary damages, and not from being subjected to an injunction. Thus, summary judgment on this theory is clearly inappropriate here. Second, the availability of this immunity to shield defendants from monetary damages depends upon questions of fact that the Court is incapable of resolving on the present record. Under the test set forth in *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), and applied in the context of prison officials in *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978), the defense will be unavailable to defendants if one of two circumstances is found to exist. First, there will be no immunity "if the constitutional right allegedly infringed by [defendants] was clearly established at the time of their challenged conduct, if they knew or should have known of that right, and if they knew or

should have known that their conduct violated the constitutional norm." *Procunier v. Navarette, supra,* 434 U.S. at 562, 98 S.Ct. at 859. Second, even if the first circumstance is not satisfied, there can be no immunity "where the official has acted with 'malicious intention' to deprive the plaintiff of a constitutional right or to cause him 'other injury.'" *Id.* at 566, 98 S.Ct. at 862 (quoting *Wood v. Strickland, supra,* 420 U.S. at 322, 95 S.Ct. at 1000). The Court is not able to decide either question on the basis of the record before it.

In sum, since Young's complaint alleges an eighth amendment claim with the requisite factual specificity, and since defendants' affirmative defenses raise factual questions that are not capable of resolution on summary judgment, Young's motion for summary judgment and defendants' cross-motion for summary judgment are denied.

Young's other motions may be dealt with fairly briefly. As regards the "petition" for a writ of habeas corpus, the Court notes first that such relief may not be granted where the petitioner has failed to exhaust his state remedies. 28 U.S.C. § 2254(b); *see Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Young has made no showing that the requisite exhaustion occurred here. In any event, to secure a writ of habeas corpus, the petition must be separately filed and may not be presented in the context of a motion in a § 1983 action. *See* Rule 26(a), General Rules of the United States District Court for the Southern District of New York. Accordingly, the Court may not grant habeas relief here and Young's "petition" is dismissed without prejudice.

With regard to Young's discovery motion, while the Court believes that Young may be entitled to some limited discovery to ascertain the reasons for his failure to receive the leg brace and the identity of the persons responsible for that failure, the Court is unable to understand the nature of the discovery that Young seeks to compel by his instant motion. Young's motion to compel discovery accordingly must be denied. However, this denial is without prejudice to Young's right to discovery along the lines indicated above, and without prejudice to Young's filing of a new motion to compel discovery should defendants prove unwilling to afford him access to the information indicated.

In conclusion, Young's motions for summary judgment and to compel discovery are denied and his petition for a writ of habeas corpus is dismissed. Defendants' cross-motion for summary judgment is also denied. Discovery is to be completed by April 15, 1981, and a pre-trial order filed by May 15, 1981.

It is so ordered.