■ In the Matter of WILLIAM RONSON, Appellant, v COMMISSIONER OF CORRECTION, STATE OF NEW YORK, et al., Respondents.—Main, J. Appeals (1) from a judgment of the Supreme Court at Special Term (Pennock, J.), entered July 3, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to undertake certain actions regarding petitioner's health care, and (2) from an order of said court, entered August 21, 1984 in Albany County, which denied petitioner's motion for reargument.

Petitioner, an inmate at Green Haven Correctional Facility, commenced this proceeding to challenge the medical care he was being provided by respondents during his incarceration. Petitioner apparently suffers from diabetes and requires daily insulin injections and a specialized diet. Due to the diabetes, petitioner has an eye condition known as diabetic retinopathy, which he alleges has worsened because respondents have failed to provide him with his special diet or with increased insulin to compensate for his improper diet. Petitioner also suffers from high blood pressure and arthritis, which petitioner alleges have worsened due to a lack of care by respon-

dents. He further alleges that he developed a rash and thrombophlebitis (blood clot), in his leg due to the inadequate care. Petitioner also refers to a wheelchair which is required by him for mobility and which has allegedly been taken by a correction employee. Petitioner sought a transfer to Rikers Island Hospital, which he contends previously provided him with proper medical care. In the alternative, petitioner sought to be examined at Albany Medical Center. Petitioner further sought a medical furlough. Respondents answered with a general denial and copies of petitioner's medical records. Special Term dismissed the petition on the merits and subsequently denied petitioner's motion for reargument. From the judgment dismissing the petition and the order denying reargument, these appeals followed.*

Initially, the appeal from the order denying reargument must be dismissed. It is well settled that no appeal may be taken from an order denying a motion to reargue (*see, e.g., Unanue v Town of Gardiner*, 105 AD2d 1025, 1026; Siegel, NY Prac § 254, at 314).

On the merits, petitioner is essentially claiming that respondents violated his rights under the US Constitution 8th Amendment, which prohibits cruel and unusual punishment, by failing to provide adequate medical care (*see, Estelle v Gamble*, 429 US 97). Thus, to prevail in this CPLR article 78 proceeding, petitioner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs (*Matter of Stephens v Ward*, 63 AD2d 798, 799; *see, Estelle v Gamble, supra*). An inadvertent failure to provide medical care or the commission of negligence in diagnosis and treatment by a prison physician or medical personnel will not entitle petitioner to relief (*Estelle v Gamble, supra*, pp 105-106).

In this case, the record supports the conclusion that petitioner suffers or has suffered from the ailments alleged and that such has presented petitioner with serious medical needs. It further appears from the record, however, that petitioner received almost daily medical supervision and treatment. For example, the medical records reveal that petitioner received his daily insulin injections and, therefore, his claim that he

---

* Petitioner also sought money damages, but Special Term properly held that it had no jurisdiction to entertain such a claim and petitioner apparently concedes this point. Other matters raised in the petition have apparently been abandoned on appeal and we do not address them. Other pending matters have not been briefed and do not seem to be part of this appeal and, accordingly, are not considered.

was not administered the proper amount of insulin reflects negligence rather than a deliberate indifference to serious medical needs, and no relief is available in this proceeding under such circumstances.

Furthermore, petitioner's own petition reveals that he has received medical treatment for his infirmities. For example, petitioner admits that he received aspirin and ointment for arthritis relief, eyeglasses to treat the diabetic retinopathy, an examination and ointment for relief of a rash, and hospitalization, observation and medication for the thrombophlebitis. The medical records also reflect constant and substantial treatment of these ailments. Such attention indicates that petitioner was provided with treatment constituting more than a deliberate indifference to his serious medical needs. With these facts prevailing, petitioner cannot be permitted to challenge such care in this proceeding.

Petitioner's claims that he was denied a proper diabetic diet and deprived of a medically prescribed wheelchair disturb us. The failure to provide a proper diabetic diet constitutes a deliberate indifference to serious medical needs in violation of the 8th Amendment (*Johnson v Harris,* 479 F Supp 333), as would the deprivation of a medically prescribed wheelchair (*see, Young v Harris,* 509 F Supp 1111, 1113-1114). In view of respondents' general denial and failure to submit affidavits or adequate medical records refuting these allegations, questions of fact on these matters are presented and Special Term erred in summarily dismissing the petition as to these claims.

Judgment modified, on the law, without costs, by reinstating so much of the petition as pertains to the claims of deprivation of a proper diet and use of a wheelchair, and, as so modified, affirmed.

Appeal from order dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.