■ In the Matter of CARL DE FLUMER, Respondent, v STEPHEN DALSHEIM, as Superintendent, Downstate Correctional Facility, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the appellants to issue the petitioner metal frame glasses instead of plastic frame glasses, the appeal is from a judgment of the Supreme Court, Dutchess County (Nicolai, J.), entered June 12, 1984, which, *inter alia,* granted the petition.

Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits.

The gravamen of the petition herein is that the appellants

failed to provide the petitioner with "necessary medical attention and treatment" by refusing to supply him with metal frame glasses instead of plastic frame glasses.

It is well established that in order for a prisoner to prevail on a claim that he has been denied adequate medical care, he must demonstrate that prison officials acted in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs" *(Estelle v Gamble,* 429 US 97, 106, *reh denied* 429 US 1066; *see, Matter of Stephens v Ward,* 63 AD2d 798, 799).

The record, including the affidavit of the prison optometrist who prescribed the plastic frame glasses to the petitioner, indicates that the plastic frame glasses were medically suited for the petitioner's visual problems, the glasses could be adjusted at the petitioner's request, and metal frame glasses were not necessary or medically indicated.

Without explanation, Special Term improperly substituted its judgment for that of the appellants by directing that the petitioner be given metal frame glasses rather than plastic frame glasses *(see, Matter of Denise R. v Lavine,* 39 NY2d 279, 283).* Under those circumstances, the proceeding should have been dismissed *(see, Matter of Stephens v Ward, supra).* Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.