■ In the Matter of ABDEL-JABBOR MALIK, Appellant, v W. J. WILHELM, as Deputy Superintendent of Security, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered July 12, 1989 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents placing petitioner under a restraint order.

In March 1989, petitioner, an inmate at Sullivan Correctional Facility in Sullivan County, was placed under a restraint order pursuant to 7 NYCRR 305.3 (a) for threatening a

correction officer. Petitioner was in a special housing unit at the time. After complaining to the guard about his food, petitioner reportedly became belligerent, stating that he was "doing box time for punching an officer in the face and [would] do it again here". He also told the guard, "Put your face down here (the open hatch) and I'll hit you." Aside from the restraint order, disciplinary proceedings were ultimately brought against petitioner and he was found guilty of violating an institutional rule prohibiting threats. In the interim, however, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination placing him under restraint. Supreme Court dismissed the petition, finding the determination to restrain petitioner to be neither arbitrary nor capricious. This appeal followed.

We affirm. Supreme Court correctly concluded that the decision to restrain petitioner was rationally based in light of his threats to a correction officer. Restraint was particularly appropriate in light of petitioner's lengthy history of threats and assaultive behavior toward prison staff. Petitioner has failed to show any constitutional issue here since the regulation at issue, allowing restraint orders to be placed under certain circumstances, is reasonably related to a legitimate penological interest (see, *Turner v Safley,* 482 US 78, 89). Notably, any restraint order must be reviewed every seven days in order to ascertain whether the order should be renewed (see, 7 NYCRR 305.3 [b]). Finally, we disagree with petitioner that the circumstances presented herein could not be decided on the pleadings and required remittal for a hearing to examine his conclusory claim that the restraint order was made in retaliation for making complaints (cf., *Flaherty v Coughlin,* 713 F2d 10, 13).

Judgment affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.