■ In the Matter of AUNDRE SINGH, Appellant, v TOM E. EAGEN, as Assistant Commissioner of the Central Office Committee of the Department of Correctional Services, Respondent. [653 NYS2d 434] —Casey, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered December 12, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel respondent to undertake certain actions regarding petitioner's health care.

Petitioner, a State prison inmate, commenced this CPLR article 78 proceeding to challenge an administrative determination that his medical needs were being addressed and to compel medical treatment different from that which he is presently receiving. As the result of a foot condition, he was provided with inner soles and boots with a wider width than normal. Although petitioner continued to complain of painful arches, his medical records indicate that X rays revealed "no bony pathology". Petitioner contends that he is entitled to "medical boots" and that he should be referred to an orthopedic specialist. Supreme Court dismissed the petition and petitioner appeals.

Petitioner is claiming that, by not being given adequate medical care, he is being subjected to cruel and unusual punish-

ment in violation of the US Constitution 8th Amendment (*see, Estelle v Gamble*, 429 US 97, 102-103). To succeed on this claim, petitioner must show that the care, or lack thereof, was sufficiently harmful to evince a deliberate indifference to serious medical needs (*see, supra*, at 104; *Matter of Ronson v Commissioner of Correction*, 112 AD2d 488). Petitioner has failed to make such a showing. To the contrary, the record before us reveals that petitioner has received adequate medical treatment. Thus, Supreme Court correctly concluded that there was no 8th Amendment violation (*see, Matter of Moore v Leonardo*, 185 AD2d 489; *Matter of Espinal v Coughlin*, 161 AD2d 712).

With respect to the denial of petitioner's grievance, we also agree with Supreme Court that petitioner failed to show that it was affected by an error of law or arbitrary and capricious (*see, Matter of Malik v Wilhelm*, 159 AD2d 755, *lv denied* 76 NY2d 704; *see generally, Matter of Doerrbecker v Saunders*, 229 AD2d 490).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.