■ In the Matter of FARIS ABDUL-MATIYN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, CENTRAL

OFFICE REVIEW COMMITTEE, Respondent. [674 NYS2d 448] —Appeal from a judgment of the Supreme Court (Kane, J.), entered May 9, 1996 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent denying petitioner's two grievances.

Petitioner, an inmate at Woodbourne Correctional Facility in Sullivan County, commenced this CPLR article 78 proceeding to challenge the denial of grievances he filed concerning his right to sufficient privacy and confidentiality when attending sick call and his entitlement to meals in conformance with his religious beliefs. Supreme Court, rejecting petitioner's contention that the determinations were arbitrary and capricious, dismissed the petition. This appeal ensued.

We affirm. The record discloses that the Department of Correctional Services addressed petitioner's first grievance by issuing a directive stating that utmost care should be taken to provide inmates with privacy and confidentiality in connection with medical treatment and, in fact, that screens are currently provided to ensure privacy (*see, e.g., Matter of Singh v Eagen*, 236 AD2d 654). We also reject petitioner's challenge to the denial of his grievance regarding his dietary demands inasmuch as the budgetary and administrative concerns of the Department of Correctional Services provide a rational basis for respondent's determination (*see, Matter of Bunny v Coughlin*, 187 AD2d 119, 123, *appeal dismissed* 82 NY2d 679). In view of the foregoing, we conclude that the determinations denying petitioner's grievances were neither arbitrary nor capricious.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.