■ In the Matter of GARY JARVIS, Appellant, v P.J. PULLMAN, as Regional Dental Director for the Department of Correctional Services, Respondent. [747 NYS2d 126]

Petitioner was informed, following examinations conducted at the dental clinic of the correctional facility where he was an inmate, that three of his posterior teeth were severely decayed and required either extraction or root canal therapy followed by the installation of crowns. Petitioner refused to have the teeth extracted. In January 2001, he filed an inmate grievance

proceeding, demanding that his teeth be permanently restored either by personnel at the facility's dental clinic or by an outside dentist. The grievance was denied on the ground that the sole dental treatment available to inmates in petitioner's circumstances is extraction. Petitioner then commenced this CPLR article 78 proceeding challenging the denial of his grievance and treatment request and seeking to compel respondent to provide immediate restorative treatment for his teeth or, if necessary, to permit his family to arrange for treatment by an outside provider. Supreme Court dismissed petitioner's application on the ground that the Department of Correctional Services (hereinafter DOCS) was not required to provide petitioner with dental care beyond extraction and that petitioner's family had been given notification regarding the protocol for obtaining the services of an outside dentist, but had admittedly been unable to retain one. This appeal ensued.

We affirm. As a dependent of the State, "petitioner is entitled to essential, not optimal, care" (*Matter of McLaughlin v Wing*, 255 AD2d 954, 955), there being no "obligation to provide inmates with medically unnecessary services" (*Matter of Smith v Alves*, 282 AD2d 844, 845). The necessary dental procedures available to inmates are set forth in DOCS' Health Services Policy Manual, wherein it is provided that "[e]ndodontic therapy," or root canal procedures, will be provided only for front, or "anterior teeth," while treatment of "infected and non-restorable [posterior] teeth," such as petitioner's, will be confined to extraction. As petitioner was unable to demonstrate that respondent failed to meet his basic dental health needs, his petition was properly dismissed by Supreme Court (*see Matter of Bramble v Laguna*, 245 AD2d 928, *lv denied* 91 NY2d 810).

Significantly, petitioner neglected to raise in the grievance or his administrative appeal his current claim that respondent violated his rights under the 8th Amendment of the US Constitution by his alleged deliberate indifference to petitioner's medical needs. Petitioner thereby failed to exhaust his administrative remedies with regard to this issue, precluding judicial review (*see Matter of Hakeem v Wong*, 223 AD2d 765, 766, *lv denied* 88 NY2d 802). Nonetheless, had this issue been preserved for this Court's review, we would find it to be without merit inasmuch as petitioner has not demonstrated, under the circumstances presented here, that respondent's failure to provide him with root canal therapy was so harmful as to indicate "deliberate indifference to [petitioner's] serious medical needs" (*Estelle v Gamble*, 429 US 97, 104).

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.