■ In the Matter of KENYAITTA B. FOREMAN, Appellant, v GLENN GOORD, as Commissioner of Correctional Services, et al., Respondents. [754 NYS2d 597] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 16, 2001 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating certain prison disciplinary rules. Supreme Court determined that there was an insufficient basis in the record for the Hearing Officer to determine that petitioner knowingly and voluntarily waived his right to be present at the hearing. The court therefore granted the petition to the extent that the determination was annulled and directed respondents to expunge all reference to the proceeding from petitioner's institutional record. Because Supreme Court failed to specifically address petitioner's remaining requests for relief, this appeal ensued.

We note that inasmuch as petitioner is no longer aggrieved by the disciplinary determination (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539), his appeal is limited to those requests for relief not addressed by Supreme Court. To the extent that petitioner seeks to be reinstated to a former prison job held prior to the subject disciplinary violation, "a prisoner has no constitutional, statutory or precedential right to * * * a particular * * * job" (*Matter of Thomas v Selsky*, 286 AD2d 535, 535; *see Matter of Sabo v Racette*, 124 AD2d 920, 921). Next, petitioner seeks review of "any and all grievances." Petitioner's failure to specify such grievances or indicate whether he has exhausted his administrative remedies precludes judicial review thereof (*see Matter of Jarvis v Pullman*, 297 AD2d 842). Petitioner's remaining contentions, having been raised for the first time on appeal, are not preserved for our review.

Cardona, P.J., Crew III, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.