■ In the Matter of GREGORY PITTMAN, Appellant, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [761 NYS2d 744] —Appeals (1) from a judgment of the Supreme Court (Kavanagh, J.), entered May 30, 2002 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance, and (2) from a judgment of said court, entered October 4, 2002 in Ulster County, which denied petitioner's motion for reconsideration.

Petitioner, a state prison inmate, was involved in a motor vehicle accident that left him with pain in his neck, back and wrist. He was examined by a neurosurgeon and a physical therapist, both of whom suggested the use of a heating pad, among other treatments, as a possible source of pain relief. Petitioner's request for a personal heating pad was denied with the explanation that heating pads were available for the inmates' general use in the facility's infirmary but would not be issued for individual use in their cells. Supreme Court dismissed petitioner's CPLR article 78 proceeding challenging this determination and subsequently denied his motion for reconsideration, giving rise to these appeals.

Our review discloses that the denial of petitioner's request for a heating pad was neither arbitrary, capricious nor affected by an error of law (see Matter of Singh v Eagen, 236 AD2d 654, 655 [1997]). There is no legal obligation to provide inmates

with medically unnecessary services and there is no indication in the record before us that a heating pad is a medical necessity for the treatment of petitioner's condition (*see Matter of Allah v White*, 243 AD2d 913 [1997]). It is merely one palliative remedy, among several others, suggested to him by a physician and a physical therapist. As noted above, petitioner was not completely denied the use of a heating pad as one is available for his use at the facility's infirmary. In addition, he has been advised that a hot compress, fashioned from a towel soaked in hot water, would afford him similar relief.

Petitioner's subsequent application in the nature of a motion for reargument and renewal (*see* CPLR 2211) was properly denied by Supreme Court (*see Matter of Suarez v Filion*, 281 AD2d 743, 744 [2001]; *Matter of Spa Realty Assoc. v Springs Assoc.*, 213 AD2d 781, 783 [1995]). The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgments are affirmed, without costs.