— Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 22, 2002 in Ulster County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from possessing outdated medication, engaging in unauthorized exchanges and failing to comply with a hearing disposition. A search of petitioner’s cell was conducted as part of an investigation into allegations that he was receiving commissary items from another inmate at a time when he had lost his commissary privileges as a punishment for previous disciplinary rule violations. The cell search disclosed 21 containers of medication with expiration dates that had passed and 32 food items identified as having come from the facility’s commissary. At his disciplinary hearing, petitioner pleaded guilty with an explanation to the charges of possessing outdated medication and unauthorized exchange. Petitioner’s CPLR article 78 proceeding challenging the determination against him was dismissed by Supreme Court, giving rise to this appeal.
Petitioner argues that the finding of unauthorized exchange is not supported by substantial evidence. Inasmuch as he raises this contention for the first time on this appeal, however, it has not been preserved for our review (see Matter of Foreman v Goord, 302 AD2d 817, 817 [2003]; Matter of Wells v Selsky, 282 AD2d 799, 800 [2001]). In any event, having pleaded guilty to this charge at his disciplinary hearing, petitioner is precluded from challenging the determination of his guilt on the basis *1233 that substantial evidence did not support the charge (see Matter of Cendales v Goord, 305 AD2d 824, 824 [2003]; Matter of Pinkney v Goord, 302 AD2d 820, 821 [2003]).
We are similarly unpersuaded by petitioner’s contention that the charges filed against him should have been reviewed in a tier II rather than a tier III disciplinary proceeding. Moreover, this Court will not substitute its judgment for that of the “review officer” whose job it is to evaluate and categorize each case (see 7 NYCRR 251-2.2; see also Matter of Cliff v Kingsley, 293 AD2d 954, 955 [2002]). The remaining issues raised by petitioner, including his allegation of hearing officer bias, have been examined and found to be without merit.
Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.