■ In the Matter of MICHAEL A. DAVIS, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [776 NYS2d 651]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered January 22, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, an inmate, complained of a lump in his upper abdomen in December 2001 and was seen by the Facility Health Services Director, who conducted an examination and advised that no treatment was necessary. Petitioner filed a grievance seeking testing to determine the nature of the lump. This grievance was denied and petitioner appealed to the Central Office Review Committee. During the pendency of this appeal, petitioner received a second opinion from another physician who concluded that the lump was a normal part of petitioner's sternum and that no tests were indicated. The Central Office Review Committee ultimately denied the grievance. Petitioner then commenced this CPLR article 78 proceeding challenging that denial. He appeals from Supreme Court's dismissal of the petition.

We reject petitioner's assertion that respondents' alleged negligence and medical malpractice entitles him to relief compelling respondents to perform additional tests.* A referral for further tests is required only if the Facility Health Services Director determines that it is necessary, which he has not (*see* Department of Correctional Services, Division of Health Services Policy Manual item 1.21). In fact, both examining physicians were of the opinion that further tests were not necessary. Mandamus is inappropriate as the Facility Health Services Director has already performed his duty and rendered a decision (*see Matter of City of New York v New York State Dept. of Envtl. Conservation*, 89 AD2d 274, 276-277 [1982]). Additionally, the decision on whether further testing is necessary is based on the physician's judgment, and mandamus will not lie to compel the performance of such an act (*see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]).

We also find that petitioner failed to show that the denial of his grievance was affected by an error of law or arbitrary and capricious. The two physicians agree that no further testing is required, and petitioner has not shown that their assessments in that regard were incorrect (*see Matter of Singh v Eagen*, 236 AD2d 654, 655 [1997]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner, in his brief, correctly concedes that the alleged negligence of the two physicians is insufficient to make out a violation of the 8th Amendment's protection against cruel and unusual punishment (*see* US Const 8th Amend; *Estelle v Gamble*, 429 US 97, 105-106 [1976]; *Matter of Ronson v Commissioner of Correction, State of N.Y.*, 112 AD2d 488, 489 [1985]).