■ In the Matter of BARRY GIBBS, Petitioner, v DAVID MILLER, as Superintendent of Eastern Correctional Facility, et al.,

---

Respondents. (Proceeding No. 1.) In the Matter of BARRY GIBBS, Appellant, v DAVID MILLER, as Superintendent of Eastern Correctional Facility, et al., Respondents. (Proceeding No. 2.) [781 NYS2d 804]—

(1) Proceeding No. 1 pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Eastern Correctional Facility which found petitioner guilty of violating a prison disciplinary rule, and (2) appeal from a judgment of the Supreme Court (Kavanagh, J.), entered October 23, 2003 in Ulster County, which dismissed petitioner's application, in proceeding No. 2 pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

In preparation for a scheduled medical trip, petitioner refused to be restrained as ordered by a correction officer because petitioner maintained that the restraints did not comply with the medical restrictions set forth in his medical permit. Petitioner's medical trip was then cancelled and he was charged in a misbehavior report with a movement violation and disobeying a direct order. Following a tier II disciplinary hearing and administrative appeal, petitioner ultimately was found guilty of a movement violation. Petitioner filed a grievance seeking an investigation into the manner in which he was restrained, which grievance was ultimately denied. Thereafter, petitioner commenced two separate CPLR article 78 proceedings, one challenging the disciplinary determination and the other challenging the denial of his grievance. After the petitions were consolidated, Supreme Court, in the same decision, order and judgment, dismissed the petition challenging the denial of the grievance and transferred the proceeding challenging the disciplinary determination.

Initially, to the extent that petitioner challenges the determination finding him guilty of violating a prison disciplinary rule, the Attorney General has advised this Court by letter that the determination at issue has been administratively reversed and all references thereto have been expunged from petitioner's institutional record. Inasmuch as petitioner has received all the relief to which he is entitled, the petition with respect thereto is dismissed as moot (*see Matter of Spirles v Goord*, 298 AD2d 732 [2002]).

Turning to petitioner's challenge to the denial of his grievance, the medical permit noted that for medical trips "use of big boy cuffs, chains instead of black box" should be used to prevent further nerve damage. The record evinces that the correction officer involved in the incident complied with the medical directive by using "big boy cuffs" to restrain petitioner. Inasmuch as petitioner has failed to demonstrate that the denial of his grievance was arbitrary, capricious or affected by error of law (*see Matter of Wilson v State of N.Y. Dept. of Correctional Servs.*, 261 AD2d 670 [1999], *appeal dismissed* 93 NY2d 1039 [1999]; *Matter of Stephens v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 255 AD2d 845, 846 [1998]), the petition was properly dismissed. Petitioner's remaining contention that his 8th Amendment rights against cruel and unusual treatment were violated has been reviewed and found to be without merit.

Crew III, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs. Ordered that the judgment is affirmed, without costs.