■ In the Matter of THOMAS DALLIO, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [790 NYS2d 614]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 4, 2004 in Franklin County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

In February 2003, petitioner filed a grievance alleging that six correction officers, two sergeants, a lieutenant and a nurse engaged in a conspiracy to cover up a premeditated physical assault which he claimed occurred during a routine search of his cell. After conducting an investigation, the superintendent of the correctional facility determined that petitioner's allegations

were unfounded and denied the grievance. Petitioner appealed that determination to the Central Office Review Committee, which upheld the superintendent's decision. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the denial of his grievance. Supreme Court dismissed the petition, prompting this appeal.

Upon review of the record, we find that petitioner failed to prove that the denial of his grievance was arbitrary and capricious or affected by an error of law (*see Matter of Gibbs v Miller*, 10 AD3d 785, 787 [2004]; *Matter of Davis v Goord*, 7 AD3d 889, 890 [2004], *lv denied* 3 NY3d 604 [2004]; *Matter of Harty v Goord*, 3 AD3d 701, 702 [2004]). The record demonstrates that petitioner's allegations were thoroughly investigated and each named staff member and inmate witness was interviewed. Under these circumstances, we find no reason to disturb the determination crediting the denials of the facility's staff over the allegations of petitioner and his witnesses (*see Matter of Cliff v Brady*, 290 AD2d 895, 896 [2002], *lv denied* 98 NY2d 642 [2002]; *Matter of Wilson v State of N.Y. Dept. of Correctional Servs.*, 261 AD2d 670, 671 [1999], *appeal dismissed* 93 NY2d 1039 [1999]). Accordingly, the petition was properly dismissed.

Finally, we reject petitioner's contention that Supreme Court erred in denying his request pursuant to CPLR 408 for disclosure of the correctional facility's investigation report. Supreme Court has broad discretion to grant or deny disclosure in special proceedings and, considering the confidential nature of the report, it was not an abuse of discretion to deny its disclosure to petitioner (*see Matter of Zulu v Egan*, 1 AD3d 649, 649 [2003]).

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.