█ In the Matter of HASAN RAQIYB, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [813 NYS2d 251]—

Crew III, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered April 19, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievances.

Petitioner, an inmate at the Wende Correctional Facility in Erie County, commenced this CPLR article 78 proceeding in August 2004 challenging the denial of various grievances he had filed and seeking to compel respondents to send him to a local hospital for an MRI of his head, return certain personal prop-

erty allegedly lost or stolen by Department of Correctional Services employees, and permit him to correspond with an incarcerated relative, and to preclude respondents from opening any of his outgoing mail that may bear insufficient postage. Supreme Court dismissed petitioner's application, finding that it lacked subject matter jurisdiction over petitioner's personal property claim and that the denial of the balance of petitioner's grievances was rational. This appeal by petitioner ensued.

We affirm. Preliminarily, we agree with Supreme Court that petitioner's personal property claim properly is the subject of a Court of Claims action and may not be raised in the context of the instant CPLR article 78 proceeding (*see Matter of Williams v Coughlin,* 76 AD2d 957 [1980], *appeal dismissed* 53 NY2d 839 [1981]). To the extent that petitioner contends that he is not seeking money damages but, rather, merely the replacement of the allegedly missing property, his notice of intention to file a claim belies his argument on this point. Hence, we conclude that Supreme Court properly dismissed this portion of petitioner's claim for lack of subject matter jurisdiction.

As to the remainder of petitioner's grievances, our review of the record leads us to conclude that petitioner failed to demonstrate that the denial of such grievances was arbitrary, capricious or affected by an error of law (*see Matter of Dallio v Goord,* 15 AD3d 803, 804 [2005], *lv denied* 5 NY3d 709 [2005]). With regard to petitioner's assertion that he was improperly denied an MRI of his head, there simply is nothing in the record to indicate that petitioner was the victim of " 'deliberate indifference to [his] serious medical needs' " (*Matter of Smith v Alves,* 282 AD2d 844, 845 [2001], quoting *Matter of Singh v Eagen,* 236 AD2d 654, 655 [1997]). Rather, the record indicates that it was petitioner's refusal to undergo reasonable prerequisite testing that resulted in the cancellation of the requested MRI (*see People ex rel. Sandson v Duncan,* 306 AD2d 716, 717 [2003], *lv denied* 1 NY3d 501 [2003]).

Nor are we persuaded that petitioner was erroneously precluded from corresponding with his incarcerated nephew. Department of Correctional Services Directive No. 4422 permits such communication only with enumerated immediate family members, which does not include a nephew. As this Court previously has held, "this directive contributes to maintenance of internal order and discipline within the prison and is entitled to great deference by the judiciary where . . . there is no evidence that conformity therewith tramples any constitutional right of [the] petitioner" (*Matter of Montgomery v Jones,* 88 AD2d 1003, 1004 [1982]). Petitioner failed to demonstrate any such infringement upon his constitutional rights here.

We reach a similar conclusion regarding petitioner's assertion that certain outgoing mail was improperly opened by facility personnel. Once the mail in question was found to have insufficient postage, it became subject to inspection prior to its return (*see Matter of Tankleff v Senkowski*, 3 AD3d 621, 622 [2004], *lv denied* 2 NY3d 703 [2004]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.