■ In the Matter of STEVEN SCOTT, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [819 NYS2d 618]—

Spain, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered August 24, 2005 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Central Office Review Committee denying his grievance.

Petitioner, a prison inmate, sustained an injury to his left shoulder while incarcerated. Subsequently, petitioner was scheduled for a surgical procedure known as a "Mumford excision" which was intended to relieve petitioner's persistent pain. Petitioner refused to undergo the procedure and was permitted to confer with an orthopedist who offered an alternative, but less successful and more invasive, surgical solution intended to repair the injury. Petitioner's requests and administrative appeals to undergo the repair surgery were denied on the basis that it constituted a second opinion and was unnecessary. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, seeking to compel respondents to provide him with the requested medical treatment. Supreme Court dismissed petitioner's application, prompting this appeal.

Initially, we note that because the determination is based upon respondent Facility Health Services Director's professional judgment as a physician, mandamus will not lie to compel him

to act otherwise (*see Matter of Davis v Goord*, 7 AD3d 889, 890 [2004], *lv denied* 3 NY3d 604 [2004]; Department of Correctional Services Health Services Policy Manual 1.21). The record establishes that petitioner has consulted with physicians regarding his treatment several times, receives daily pain medication and has been scheduled to undergo the Mumford excision. Moreover, petitioner has offered no proof that the requested surgery is medically necessary. As such, petitioner has failed to establish that respondents have neglected his basic health care needs or exhibited a "deliberate indifference" to his medical needs and we find no 8th Amendment violation (*Estelle v Gamble*, 429 US 97, 104 [1976]; *see Matter of Jarvis v Pullman*, 297 AD2d 842, 843 [2002]; *Matter of Smith v Alves*, 282 AD2d 844, 845 [2001]; *Matter of Singh v Eagen*, 236 AD2d 654, 655 [1997]). Likewise, we are satisfied that the denial of his grievance is neither affected by an error of law nor arbitrary and capricious (*see Matter of Davis v Goord, supra* at 890; *Matter of Pittman v Portuondo*, 307 AD2d 485, 485-486 [2003]; *Matter of Singh v Eagen, supra* at 655).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.