In the Matter of JOSE A. FUENTES, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [934 NYS2d 508]—

Petitioner, a prison inmate at Southport Correctional Facility in Chemung County, filed a grievance after two sealed envelopes he attempted to send to media outlets were opened and returned to him for having excess writing on the outside envelopes. The grievance was ultimately denied by the Central Office Review Committee, after which petitioner commenced this CPLR article 78 proceeding to challenge the determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. The correspondence directives of the Department of Corrections and Community Supervision permit facilities to "restrict what appears on the outside of an outgoing envelope" (7 NYCRR 720.3 [j]) and Southport's correspondence rules prohibit "any extra writing or drawing on the outside of envelopes." Furthermore, the Department's directives specify that outgoing correspondence not in compliance "will be opened and returned to the inmate" (7 NYCRR 720.3 [q]). Here, the outside of petitioner's envelopes contained the phrases "Legal Mail Enclosed (ongoing legal matter) Busieness [sic] mail addressed to Media Directive 4422, III (E) (5)" and "Business Mail Addressed

to Media as per Directive 4422 III (e) (5) Legal Mail." Thus, contrary to petitioner's contention, once the envelopes were discovered to be in violation of the directives, they became subject to opening before being returned to petitioner (*see Matter of Raqiyb v Goord*, 28 AD3d 892, 894 [2006]; *Matter of Tankleff v Senkowski*, 3 AD3d 621, 622 [2004], *lv denied* 2 NY3d 703 [2004]). Petitioner's reliance on other regulations that restrict a facility's authority to open correspondence is unavailing inasmuch as the specific regulation pertaining to extra writing on an envelope controls the more general Department regulations (*see Matter of Constantine v White*, 166 AD2d 59, 62 [1991]; *compare* 7 NYCRR 720.3 [j], [q], *with* 7 NYCRR 720.3 [e] *and* 720.7 [e]).

We also reject petitioner's contention that his letters to the media constituted "[p]rivileged correspondence" pursuant to 7 NYCRR 721.2 (a). As such, we find that the Central Office Review Committee's denial of petitioner's grievance was not arbitrary and capricious or affected by an error of law (*see Matter of Davis v Fischer*, 85 AD3d 1457, 1458 [2011], *appeal dismissed and lv denied* 17 NY3d 892 [2011]; *Matter of Hernandez v Fischer*, 79 AD3d 1544, 1546 [2010], *lv denied* 16 NY3d 710 [2011]).

Petitioner's remaining contentions have been reviewed and found to be unpreserved or without merit.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.