Rose, J.
Appeal from a judgment of the Supreme Court (O’Connor, J.), entered July 22, 2011 in Albany County, which dismissed petitioners’ application, in a proceeding pursuant to CPLR article 78, to vacate certain assessments made pursuant to Workers’ Compensation Law § 50 (5).
Petitioners are group self-insured trusts (hereinafter GSITs) formed pursuant to Workers’ Compensation Law § 50 (3-a). They commenced this proceeding to challenge assessments levied upon them by respondent Workers’ Compensation Board pursuant to Workers’ Compensation Law § 50 (5). The assessments are levied quarterly based upon the Board’s estimate of its expenses for the current fiscal year and are designed to allow the Board to continue to pay workers’ compensation benefits for GSITs that have become insolvent (see Workers’ Compensation Law § 50 [5] [c], [e], [g]). A “fifth quarter” or “true-up” assessment is issued later to reconcile the estimated quarterly assessments with actual expenses (see Workers’ Compensation Law § 50 [5] [e]). In an earlier proceeding commenced by petitioners, Supreme Court vacated the assessments for the first two quarters of 2008 on the ground that the Board levied them without first satisfying certain statutory prerequisites (Matter of Held v New York State Workers’ Compensation Bd., *1064 58 AD3d 971, 972 [2009]). We later denied petitioners’ challenges to the constitutionality of the statute and the Board’s authority to impose the assessments (Held v State of New York Workers’ Compensation Bd., 85 AD3d 35 [2011], appeal dismissed and lv denied 17 NY3d 837 [2011], cert denied 566 US —, 132 S Ct 1906 [2012]). On March 10, 2009, petitioners commenced this proceeding challenging the Board’s assessments for 2007, 2008 and 2009. They also sought discovery pursuant to CPLR 408. Supreme Court denied petitioners’ request for discovery, determined that certain of petitioners’ challenges were time-barred and otherwise concluded that the Board did not violate any statute or regulation in levying the assessments and did not act in an arbitrary and capricious manner. Petitioners appeal and we affirm.
Supreme Court properly determined that discovery pursuant to CPLR 408 was not needed here because of the predominately legal nature of petitioners’ challenges and their receipt of sufficient information from respondents. Respondent Chair of the Board and the Board’s Director of Financial Administration provided detailed affidavits in response to the petition. Additional information was provided to petitioners in response to their lengthy notice to admit and their Freedom of Information Law request (see Public Officers Law art 6). Under these circumstances, Supreme Court did not abuse its broad discretion by denying petitioners’ motion for disclosure (see Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381, 1385 [2012], lv denied 19 NY3d 812 [2012]; Matter of Dallio v Goord, 15 AD3d 803, 804 [2005], lv denied 5 NY3d 709 [2005]; Matter of Grossman v McMahon, 261 AD2d 54, 57 [1999]).
Nor did Supreme Court err in finding that petitioners’ challenges to the quarterly assessments for 2007 and for the third quarter of 2008 were time-barred. While petitioners do not dispute that this proceeding was commenced more than four months after these quarterly assessments were levied (see CPLR 217 [1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; Matter of North Dock Tin Boat Assn., Inc. v New York State Off. of Gen. Servs., 96 AD3d 1186, 1187 [2012]), they argue that these assessments can be timely challenged by commencing a proceeding within four months of the later “true-up” assessment. We disagree. Inasmuch as the quarterly assessments were each final and binding when levied, any subsequent adjustment or credit received as part of the “true-up” assessment would not alter petitioners’ obligation to pay the quarterly assessments when issued (see Workers’ Compensation Law § 50 [5] [c], [e]; *1065 see e.g. Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom, of City of N.Y., 5 NY3d at 34). To the extent that petitioners also challenge the validity of the Board’s regulation defining insolvency (see 12 NYCRR 317.20), that challenge is time-barred as well because it was not brought within four months of when the regulation became effective (see Via Health Home Care, Inc. v New York State Dept. of Health, 33 AD3d 1100, 1101-1102 [2006]).
We also disagree with petitioners’ claim that the remaining 2008 assessments are affected by an error of law. As Supreme Court correctly held, they do not violate its prior order vacating the assessments for the first two quarters of 2008. The first two assessments were vacated because the Board did not establish that the GSITs were insolvent as required by the statute (see Workers’ Compensation Law § 50 [5] [former (f)]). As explained by the Chair, the Board then made a new determination as to which GSITs were insolvent by applying a newly promulgated definition and considering the most recent financial records reflecting the GSITs’ liabilities, assets, available security and the monthly costs of their anticipated workers’ compensation liabilities (see 12 NYCRR 317.20). Petitioners offer no basis to disturb the determination that the new definition was met and, as such, their challenge to the assessments as affected by an error of law was properly denied.*
Although petitioners also argue that the assessments were arbitrary because the first quarterly assessment for 2009 matched the first quarterly assessment for 2007 and the revised 2008 annual assessment was exactly one half of the original estimate, the Board provided a rational explanation for those results. Specifically, the Board used funds made available by the Legislature in the “uninsured employers fund” (Workers’ Compensation Law § 50-a [2]) to reduce the 2008 and 2009 assessments. Further, Supreme Court properly rejected petitioners’ claim that the Board was required to exhaust the uninsured employers fund before levying any assessments for defaulted GSITs. We agree that the amount withdrawn from the fund was within the Chair’s discretion, and petitioners have failed to establish any abuse of that discretion.
We have considered petitioners’ remaining contentions and find them to be unpersuasive.
*1066 Mercure, J.P., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 We also note that petitioners’ argument that the Board improperly used the collected funds to pay for items other than compensation and benefits is not preserved as it was not raised by petitioners until their reply papers and was not addressed by Supreme Court (see Matter of E.W. Tompkins Co., Inc. v State Univ. of N.Y., 61 AD3d 1248, 1252 [2009], lv denied 13 NY3d 701 [2009]).