■ In the Matter of EDWARD McCLEARY, Petitioner, v ROBERT MITCHELL, as Acting Superintendent of Eastern Correctional Facility, et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty, after administrative review, of violating disciplinary rules prohibiting solicitation and conspiracy to possess a controlled substance. During the course of the disciplinary hearing, an investigator for the Inspector General's office testified that investigators had recorded conversations between a Department of Correctional Services employee and a civilian in which the employee offered to smuggle an amount of marihuana to an inmate for $100 and arranged to meet the civilian at a specific place and time to complete the exchange. The investigator also testified that surveillance revealed that the exchange took place and that the employee was to deliver the marihuana to an inmate in petitioner's facility, at which point the employee was arrested and made a statement. According to the investigator, the employee's statement indicated that petitioner, who worked with the employee, had solicited him to call the civilian and smuggle the marihuana, giving the employee a piece of paper with phone numbers on it to arrange the exchange, which paper was found in the employee's possession. In addition, petitioner admitted that he worked with the employee.

Contrary to petitioner's assertions, hearsay misbehavior reports may constitute substantial evidence of an inmate's misconduct provided the evidence is sufficiently relevant and probative (*Matter of Foster v Coughlin,* 76 NY2d 964, 966; *People ex rel. Vega v Smith,* 66 NY2d 130, 139). Here, the investigator who prepared the misbehavior report testified regarding his conversation with the employee and this testimony, coupled with the information contained in the misbehavior report, was sufficiently detailed as to time, place and the persons involved in the incident to satisfy the substantial

evidence requirement *(see, Matter of Colon v Coughlin,* 147 AD2d 802; *see also, Matter of Palacio v State of New York Dept. of Correctional Servs.,* 182 AD2d 900). Finally, petitioner's reliance upon cases involving confidential informants is misplaced. The employee and one of the other inmates allegedly involved in the incident were identified at the hearing and petitioner did not formally request that the Hearing Officer call these individuals to testify *(see, Matter of Colon v Coughlin, supra,* at 803-804).

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.