■ In the Matter of WALLACE JACKSON, Petitioner, v PETER J. LACY, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [610 NYS2d 95] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a Superintendent's hearing, petitioner, an inmate at Bare Hill Correctional Facility in Franklin County, was found guilty of violating two prison disciplinary rules: rule 113.12 (7 NYCRR 270.2 [B] [14] [iii] [inmate shall not make, possess, use, sell or exchange any narcotic or controlled substance]) and rule 114.10 (7 NYCRR 270.2 [B] [15] [i] [inmate shall not smuggle or attempt to smuggle or solicit others to

smuggle any item in or out of the facility]).* The evidence supporting respondents' determination was derived from the misbehavior report, petitioner's testimony, and in camera testimony, which showed that petitioner placed a call to an investigator and made arrangements for the investigator to pay petitioner's sister $500 for a quantity of heroin and that, subsequently, in the facility's parking lot, the investigator did purchase 17 bags of heroin from petitioner's cousin who thereafter was arrested inside the facility with three bags of heroin that he was attempting to smuggle to petitioner. Given the fact that petitioner admitted that he knew that the transaction between his cousin and the investigator involved illegal drugs, we find that respondents' determination is supported by substantial evidence (see, *Matter of McCleary v Mitchell,* 188 AD2d 728; *Matter of Chikeles v LeFevre,* 183 AD2d 1081).

We note that 7 NYCRR part 1010, relied upon by petitioner, does not mandate the use of drug test documentation at a disciplinary hearing because this information is required only if respondents wish to introduce a positive test result (see, 7 NYCRR 1010.5). Accordingly, the petition is dismissed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner pleaded guilty to violating rule 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting]).