■ In the Matter of CEDRIC REID, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [624 NYS2d 467] —Appeal from a judgment of the Supreme Court (Lewis, J.), entered January 3, 1994 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing

of violating prison disciplinary rules prohibiting threats and verbal or written harassment of employees. The misbehavior report stated that the author of the report, a facility employee, was processing outgoing mail when she noticed that an envelope sent by petitioner did not have a disbursement form attached. Upon opening the envelope to check for contraband, the correction officer noticed that the correspondence contained inside stated that she and another correction officer should be killed.

We find petitioner's contention that his mail was unconstitutionally censored to be without merit. Departmental regulations provide for the opening and return of outgoing mail which does not have a disbursement form attached. Further, pursuant to regulation incoming mail is subject to inspection for contraband. Respondents' interpretation of its regulation allowing for inspection of incoming mail as applicable in this case is rational given the real possibility that inmates could use such improperly prepared mail to transfer contraband internally through the use of a false return address. We also find that respondents' actions did not violate petitioner's 1st Amendment rights as they were reasonably related to the legitimate penalogical goal of maintaining security. We have considered petitioner's other contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.