■ In the Matter of TYRONE N. MURPHY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Disciplinary Programs, Department of Correctional Services, Respondent. [657 NYS2d 496] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

On September 20, 1995, petitioner, a prison inmate, agreed to provide a urine sample to correction officers who suspected that he was using marihuana. The sample was frozen and later tested on October 5, 1995 and again on October 13, 1995. The results of both tests were positive for the presence of cannabinoids. On October 13, 1995, petitioner was charged in a misbehavior report with using a controlled substance. Following a disciplinary hearing, he was found guilty of this charge. This determination was affirmed upon administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the administrative determination.

Initially, we find no merit to petitioner's claim that the disciplinary hearing was started less than 24 hours after petitioner met with his employee assistant in violation of 7 NYCRR 254.6 (a). As the disciplinary hearing was commenced on October 19, 1995, more than 24 hours after petitioner's first meeting with his employee assistant, its timing was in compliance with the regulatory requirements (*see, Matter of Proctor v Coombe*, 234 AD2d 749, 750; *Matter of Neal v Coombe*, 231 AD2d 795).

Likewise, we reject petitioner's contention that the Hearing Officer improperly relied upon the testimony of Correction Officer J. Gray in reaching her determination. Petitioner's defense to the charge was that the positive test results were attributable to his ingestion of Advil and Tylenol. Gray, a certified ETS operator, testified that the ingestion of such substances would not cause a false-positive result in the type of urinalysis tests which were conducted upon petitioner's urine. Although Gray referred in his testimony to information related to him by representatives of the company which manufactured the testing equipment, the Hearing Officer was free to consider this testimony even though it was partially based upon hearsay information (*see, e.g., Matter of McCleary v Mit-*

*chell*, 188 AD2d 728; *Matter of De Torres v Coughlin*, 135 AD2d 1068, *lv denied* 72 NY2d 801). In our view, Gray's testimony, combined with the testimony of the correction officer who authored the misbehavior report and the results of the urinalysis tests, provide substantial evidence supporting the administrative determination. Petitioner's remaining claim, having not been raised at the disciplinary hearing, has not been preserved for our review (*see, Matter of Tavarez v Goord*, 237 AD2d 837, 838; *Matter of Wilson v Coombe*, 237 AD2d 831).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.