■ In the Matter of DAVID HANDLEY, Petitioner, v DONALD SELSKY, as Department of Correctional Services Director of Special Housing Unit and Inmate Disciplinary Program, et al., Respondents. [722 NYS2d 434] —Proceeding pursuant to CPLR

article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting inmates from soliciting, conspiring to introduce drugs into the facility, smuggling, harassment and abusing the phone program. Contrary to petitioner's contention, the misbehavior report, together with the testimony adduced at the hearing, including the confidential testimony of the correction officer who authored the report as well as confidential documents, constitute substantial evidence of petitioner's guilt (*see, Matter of Kayshawn v Selsky*, 277 AD2d 611).

Petitioner next asserts that the Hearing Officer erred in relying upon confidential testimony without first assessing the reliability of such testimony. We note that petitioner failed to object to this alleged failure during the hearing and, accordingly, his claim is unpreserved for our review (*see, Matter of Campanale v Coughlin*, 214 AD2d 902). In any event, our review of the record and the in camera material indicates that the confidential information was sufficiently detailed to permit the Hearing Officer's independent assessment of reliability and credibility (*see, Matter of Sanabria v Senkowski*, 274 AD2d 799). Likewise, petitioner's request for the testimony of a witness referred to in the misbehavior report as "Alvin" was properly denied on the ground that revelation of his identity would jeopardize facility security (*see*, 7 NYCRR 254.5; *Matter of Ross v Goord*, 276 AD2d 952). Finally, petitioner's contention that the Hearing Officer should have recused himself, inasmuch as he had signed a search slip for petitioner's cell, is unpreserved for our review (*see, Matter of Vaughn v Selsky*, 276 AD2d 958, *lv dismissed* 96 NY2d 754) and, in any event, is without merit (*see, Matter of Vidal v Goord*, 273 AD2d 535, *lv denied* 95 NY2d 763).

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.