■ In the Matter of KEVIN R. MAYS, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [727 NYS2d 357] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

An October 15, 1999 misbehavior report charged petitioner with violating State-wide rule 104.12, which prohibits inmates from leading, organizing, participating in or urging other inmates to participate in an inmate strike or work-stoppage (*see*, 7 NYCRR 270.2 [B] [5] [iii]). Following a tier III hearing, petitioner was found guilty of the charge and, by way of penalty, placed in special housing for 36 months. Following unsuccessful administrative review, this CPLR article 78 proceeding ensued. Supreme Court properly transferred the proceeding to this Court based on the existence of a substantial evidence issue.

Initially, we reject the contention that the challenged determination is not supported by substantial evidence. To the contrary, the evidence presented at the hearing, including the misbehavior report, documentary evidence and testimony from investigating officers and confidential informants, provided abundant support for the conclusion that petitioner conspired with others to organize a State-wide demonstration and urged other inmates to conduct a lock-in or work-stoppage on or about January 1, 2000 (*see, Matter of Shannon v Goord*, 282 AD2d 909). Because the confidential witnesses were personally interviewed by the Hearing Officer, there was no need for a showing of "objective circumstances demonstrating [their] reliability" (*Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 117; *cf., Matter of Shannon v Goord, supra*).

The contention that the misbehavior report did not comply with the specificity requirement of 7 NYCRR 251-3.1 (c) was not preserved by a timely objection at the hearing (*see, Matter of Green v Selsky*, 275 AD2d 867; *Matter of Walker v Goord*, 262 AD2d 742) and is unavailing in any event. Considering that the conduct alleged in the misbehavior report occurred over the course of several months, the omission of specific times, dates and places is completely understandable (*see, Matter of Moore v Goord*, 279 AD2d 682), and the report was sufficiently detailed to afford petitioner the opportunity to prepare a defense (*see, Matter of LaBounty v Goord*, 245 AD2d 675, *appeal dismissed* 91 NY2d 1002). There is also merit to respondent's contention that the misbehavior report could not have been made more detailed without posing a risk of revealing the identity of the confidential informants (*see*, 7 NYCRR 254.5 [b]; *Matter of Morales v Senkowski*, 165 AD2d 393).

Petitioner's remaining contentions have been considered and found to be similarly unavailing.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.