■ In the Matter of ENRIQUE RUIZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [735 NYS2d 434] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation into a suspicious pattern of disbursements by inmates to persons outside the facility with whom these inmates had no apparent relationship, petitioner was charged with and, after a tier III hearing, found guilty of violating the prison disciplinary rules which prohibit inmates from smuggling or attempting to smuggle contraband into the facility and possessing or selling controlled substances or conspiring to introduce them into the facility. The misbehavior report, testimony of the correction officer, who conducted the investigation and authored that report, and considerable confidential information presented at the hearing provide substantial evidence to support the determination of petitioner's guilt (*see, Matter of Bosshart v Goord,* 285 AD2d 781), despite the absence of any direct evidence that petitioner actually possessed a controlled substance (*see, Matter of Davis v Selsky,* 270 AD2d 548; *Matter of McGoey,* 260 AD2d 814). The detailed confidential information from a number of sources, together with the confidential documents, provided the required objective basis for the Hearing Officer's independent assessment of the reliability of the informants and the information (*see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 122-123). Petitioner was not entitled to access to the confidential information and documents (*see, id.,* at 122-123).

Given the nature of the charges and the ongoing investigation, we reject petitioner's challenge to the sufficiency of the allegations in the misbehavior report (*see, Matter of Mays v Goord,* 285 AD2d 847, *lv denied* 97 NY2d 603). Nor was petitioner deprived of his right to present evidence, as the

documents he requested were either confidential or unavailable (*see, Matter of Roman v Goord*, 272 AD2d 695). Petitioner's remaining claims, including that of Hearing Officer bias, have been considered and are without merit.

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.