■ In the Matter of BELA BORCSOK, Petitioner, v DONALD SELSKY, as Director of Inmate Disciplinary Program, Respondent. [744 NYS2d 772] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, was charged with smuggling, possession of contraband, tampering with state property, unauthorized exchange of property and being out of place, after an investigation revealed that he had used a CD burner to copy computer software and games, had added a CD-ROM drive to the computer in his work area and had given computer games and discs to another inmate. Following a tier III disciplinary hearing, he was found guilty of the charges and now challenges the determination.

Contrary to petitioner's claim, we find that the misbehavior report and the testimony of the correction officer who prepared it constituted substantial evidence supporting the administrative determination of guilt (see, Matter of Heradia v Goord, 294 AD2d 697; Matter of Cendales v Goord, 293 AD2d 802). The author of the report testified that petitioner admitted during

an interview that he had used the CD burner to make copies of software and games, that he had given certain games to another inmate and had added a CD-ROM drive to his computer which he attempted to hide with masking tape. Petitioner's claim that he did not make the admissions attributed to him created a credibility issue for the Hearing Officer to resolve (*see, Matter of Santiago v Goord*, 287 AD2d 841). Moreover, by not raising it at the hearing, petitioner has not preserved his objection to the sufficiency of the misbehavior report (*see, Matter of Mays v Goord*, 285 AD2d 847, *lv denied* 97 NY2d 603). Were we to consider it, we would not find the omission of specific dates and times fatal, since the misconduct took place over several months and was the subject of a lengthy investigation (*see, id.; Matter of Moore v Goord*, 279 AD2d 682). Therefore, we find no reason to disturb the determination at issue.

Cardona, P.J., Mercure, Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.