■ In the Matter of ORLANDO FERNANDEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [756 NYS2d 919] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from smuggling, selling controlled substances and engaging in actions detrimental to the order of the facility. The charges arose out of a confidential investigation which disclosed that petitioner was a central figure in a well-organized group of individuals who had been funneling controlled substances into the facility for sale to inmates. Substantial evidence supports the determination of petitioner's guilt in the form of the misbehavior report, the confidential testimony of the correction officers who authored and endorsed the report and of a confidential informant,

respectively, and the detailed and consistent information directly imparted to these officers by several confidential sources (*see Matter of Ruiz v Goord*, 289 AD2d 810 [2001]). Our review of the in camera material provided in the record discloses that the Hearing Officer made the requisite independent assessment of its reliability and credibility before relying upon it as evidence of petitioner's guilt (*see Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123 [1995]; *Matter of Salahuddin v Selsky*, 293 AD2d 900 [2002], *lv denied* 98 NY2d 614 [2002]; *Matter of Martin v Coughlin*, 173 AD2d 1039 [1991]).

We reject the assertion that the charges filed against petitioner were too vague to enable him to prepare a defense. Under the circumstances of this case, more specific allegations could have jeopardized the safety of the confidential informants (*see Matter of Encarnacion v Ricks*, 289 AD2d 625, 626 [2001], *lv denied* 97 NY2d 613 [2002]) and, in any event, the acts of misconduct were described with sufficient particularity to satisfy the regulatory requirements (*see* 7 NYCRR 251-3.1) and to afford petitioner the means of defending against them (*see Matter of Mays v Goord*, 285 AD2d 847, 848 [2001], *lv denied* 97 NY2d 603 [2001]; *Matter of Martin v Coughlin, supra* at 1039). The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.