In the Matter of MARTIN H. TANKLEFF, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent. [770 NYS2d 769]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 21, 2002 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Following a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule prohibiting inmates from misusing state property. This conduct came to light when certain information that petitioner attempted to mail to an editor at Newsweek magazine was returned for insufficient postage. After reviewing the information, the facility's correspondence department suspected that petitioner had assembled it on a computer. The matter was, accordingly, referred for an investigation, which ultimately disclosed that petitioner had been storing personal data on the hard drive of a computer in the facility's law library where he worked. He had also used the library's computer equipment to design and print his own greeting card. Following the administrative determination of his guilt, petitioner commenced this CPLR article 78 proceeding which was dismissed by Supreme Court, prompting this appeal.

Petitioner's objection to the misbehavior report as overly vague has not been preserved for our review as he failed to raise it at the disciplinary hearing (*see Matter of Borcsok v Selsky*, 296 AD2d 678, 679 [2002], *lv denied* 98 NY2d 616 [2002]). In any event, the report's omission of specific dates and times of the alleged misconduct does not invalidate it, given that the activity in question took place over an extended period of time (*see id.* at 679; *see also Matter of Mays v Goord*, 285 AD2d 847, 848 [2001], *lv denied* 97 NY2d 603 [2001]). The factual basis for the charge was set forth in the report with sufficient particularity to enable petitioner to prepare a defense (*see Matter of Fernandez v Goord*, 304 AD2d 1005, 1006 [2003]).

We are equally unpersuaded by petitioner's contention that he should not have been charged with violating a disciplinary rule because he had never been informed that use of a law library computer for personal matters was prohibited. Petitioner's alleged ignorance cannot be used to excuse his misconduct (*see Matter of Feliciano v Selsky*, 263 AD2d 810, 811 [1999]). Similarly unconvincing is the contention that petitioner's mail was improperly opened by the facility's correspondence department. When the envelope in question was returned for insufficient postage, it became subject to inspection by regulation (*see* 7 NYCRR 720.4 [k]; *see also Matter of Reid v Coughlin*, 213 AD2d 950, 951 [1995]). The remaining contentions raised herein have been examined and found to be without merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.