In the Matter of MATTHEW JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [776 NYS2d 914]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting attempted drug possession, attempted smuggling and abuse of telephone privileges. The charges stemmed from an ongoing investigation conducted by prison authorities, which revealed that petitioner had conspired with a civilian acquaintance to bring marihuana into the correctional facility for the purpose of its sale and distribution among the prison population. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the determination was upheld, but the penalty was reduced to 18 months in a special housing unit, 24 months' loss of good time and 36 months' loss of privileges. This CPLR article 78 proceeding ensued.

Substantial evidence supporting the determination of petitioner's guilt is provided by the misbehavior report, the unusual incident report, transcribed telephone conversations between

petitioner and the acquaintance, and extensive confidential testimony and documentary evidence, which we conclude the Hearing Officer properly independently assessed for its reliability and credibility (*see Matter of Lopez v Goord,* 306 AD2d 715, 715 [2003]; *Matter of McDermott v Selsky,* 288 AD2d 669, 669 [2001]; *Matter of Handley v Selsky,* 282 AD2d 798, 798 [2001]). We reject petitioner's procedural claim that the forms, submitted by respondent confirming that the substance forming the basis for the charges against petitioner was marihuana, were incomplete and further note that respondent was not required to produce mandatory drug documentation in support of the charges of attempted drug possession and smuggling (*see* 7 NYCRR 1010.5; *Matter of Minton v Goord,* 263 AD2d 811, 811 [1999]; *Matter of Jackson v Lacy,* 202 AD2d 931, 932 [1994]). In any event, both petitioner and his acquaintance admitted that the substance at issue was indeed marihuana (*see Matter of Minton v Goord, supra* at 811).

Petitioner's additional claims that he was wrongfully denied the right to call witnesses or access documents are belied by the record, which indicates that he waived his right to call investigating correction officers by failing to request their presence at the hearing (*see Matter of Loper v McGinnis,* 295 AD2d 777, 778 [2002]) and he was provided with all the documents to which he was entitled to enable him to prepare a defense (*see Matter of Kae v Selsky,* 279 AD2d 682 [2001]). As to the remaining witnesses and documentary evidence of which petitioner complains, their absence, owing to either the Hearing Officer's institutional and individual security concerns or their unavailability, was sufficiently explained to petitioner by the Hearing Officer and in the witness refusal form with which petitioner was provided (*see Matter of Loper v Goord,* 290 AD2d 682, 682 [2002]; *Matter of Ruiz v Goord,* 289 AD2d 810, 810 [2001]; *Matter of McDermott v Selsky, supra* at 669). Petitioner's remaining arguments, including his claims that the misbehavior report was untimely and the penalty was excessive, have been considered and rejected as lacking in merit.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.