■ In the Matter of JOHN LOPEZ, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 700]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an undercover investigation, correction officers learned that petitioner was attempting to smuggle marihuana into the correctional facility through his wife and the mother of another inmate. He was charged in a misbehavior report with smuggling, conspiring to introduce controlled substances into the facility, making a third-party telephone call and failing to comply with facility telephone call programs. He pleaded guilty to making a third-party telephone call and was found guilty of the remaining charges following a tier III disciplinary hearing. After the determination was affirmed on administrative appeal, he commenced this CPLR article 78 proceeding.

Initially, petitioner is precluded from challenging the evidentiary basis of the determination finding him guilty of making a third-party telephone call insofar as he pleaded guilty to this charge (see Matter of Cendales v Goord, 305 AD2d 824, 824 [2003]). With respect to the remaining charges, the misbehavior report, together with the hearing and confidential testimony of its author and the documentary evidence submitted, provide substantial evidence supporting the determination (see Matter of Garcia v Selsky, 15 AD3d 813, 814 [2005]; Matter of Handley v Selsky, 282 AD2d 798, 799 [2001]). Petitioner's claim that visitation privileges with his wife were revoked in violation of Correctional Services Directive No. 4403 (VIII) was not raised in his administrative appeal and is not properly before us (see Matter of Cayenne v Goord, 16 AD3d 782, 783 [2005]). His further contention that he was improperly denied copies of the po-

lice and laboratory reports establishing the chain of custody of the contraband seized is without merit inasmuch as respondent was not required to produce such documentation in connection with the charges filed against petitioner (*see e.g. Matter of Johnson v Goord*, 7 AD3d 863, 864 [2004]). Petitioner's remaining arguments have been considered and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.