■ In the Matter of THOMAS RILEY, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [802 NYS2d 524]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an investigation, petitioner's wife was found to be in possession of a condom containing heroin which she secreted in her underwear during a visit to the correctional facility where petitioner was incarcerated. In connection with this incident, petitioner was charged in a misbehavior report with conspiring to introduce narcotics and soliciting others to smuggle items into the correctional facility. Following a tier III disciplinary hearing, he was found guilty of both charges. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the testimony of the correction officers involved in the investigation and the confidential information viewed by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Bankston v Selsky*, 301 AD2d 984, 985 [2003]; *Matter of Ruiz v Goord*, 289 AD2d 810, 810 [2001]). Contrary to petitioner's claim, he was not improperly denied the right to call his wife and another female as witnesses at the hearing as both were incarcerated on criminal charges related to the incident in question and were the subjects of an ongoing investigation. Under the circumstances presented, having them

testify would jeopardize correctional goals (*see* 7 NYCRR 254.5 [a]; *Matter of Hill v Selsky*, 19 AD3d 64, 66 [2005]). Petitioner's remaining claims have been considered and found to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.