██ In the Matter of MICHAEL HORTON, Petitioner, v MICHAEL J. ALLARD, as Superintendent of Franklin Correctional Facility, et al., Respondents. [810 NYS2d 226]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with conspiring to introduce narcotics and soliciting others to smuggle items into the correctional facility. The misbehavior report relates that petitioner's girlfriend was arrested when attempting to

visit petitioner while in possession of marihuana. The girlfriend admitted that on several occasions petitioner had solicited her to smuggle marihuana, obtained from petitioner's sister, into the correctional facility during visits. Following a disciplinary hearing, petitioner was found guilty of both charges and, other than a modification of the penalty imposed, the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, supporting documentation, testimony at the hearing and the confidential information provided by the correction officer investigating the incident provide substantial evidence to support the determination of guilt (*see Matter of Riley v Goord*, 22 AD3d 925 [2005]; *Matter of Lopez v Goord*, 20 AD3d 836 [2005]; *Matter of Simpson v Goord*, 308 AD2d 641, 642 [2003], *lv denied* 2 NY3d 704 [2004]). Contrary to petitioner's contention, the record establishes that the hearing officer, having personally interviewed the investigating officer, assessed the reliability and credibility of the information provided (*see Matter of Calhoun v Goord*, 20 AD3d 628, 629 [2005]; *Matter of Johnson v Goord*, 7 AD3d 863, 864 [2004]). To the extent that petitioner challenges the foundation for the reliance on the positive drug test results, the issue is unpreserved for our review inasmuch as petitioner raises the issue for the first time in this proceeding (*see Matter of Beckles v Selsky*, 273 AD2d 584, 585 [2000], *lv denied* 95 NY2d 764 [2000]).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.