■ In the Matter of JOSEPH LOVETT, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [807 NYS2d 728]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While incarcerated at Elmira Correctional Facility in Chemung County, petitioner made arrangements with his girlfriend to have drugs brought into the facility through the wife of another inmate during a visit. Correction officials discovered the plan as the result of an investigation. When petitioner's girlfriend arrived at the facility accompanied by the other inmate's wife, the women were confronted by correction officials and advised of their rights. Both women cooperated with officials and the inmate's wife voluntarily surrendered a condom containing a balloon that she had secreted in her underwear, which held a substance that tested positive for heroin. As a result of this incident, petitioner was charged in a misbehavior report with smuggling and conspiracy to introduce narcotics into the facility, and his girlfriend's visitation privileges were suspended. Petitioner was found guilty of both charges following a tier III disciplinary hearing. The determination was affirmed on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

Initially, petitioner challenges the sufficiency of the evidence, contending that the test results establishing that the substance was heroin should not have been considered without the submission of proper test forms. We find this argument unpersuasive given that petitioner was charged with smuggling and conspiracy, to which the documentation requirements of 7 NYCRR 1010.5 do not apply (*see Matter of Johnson v Goord,* 7 AD3d 863, 864 [2004]). Upon reviewing the record, we find that the misbehavior report, together with the testimony of its author and the documentary evidence which included the statements of the two women, provide substantial evidence supporting the determination of guilt (*see Matter of Lopez v Goord,* 20 AD3d 836, 836 [2005]; *Matter of Di Rose v Coombe,* 233 AD2d 799, 800 [1996]). While petitioner also claims that he was denied adequate employee assistance, any deficiencies were remedied by the hearing officer who obtained certain documents requested by petitioner and adjourned the hearing to give him time to review them, thereby alleviating any prejudice (*see Matter of Bowers v Goord,* 264 AD2d 876, 876 [1999]). Petitioner's remaining claims have been considered and are without merit.

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.