In the Matter of EUGENE TURNER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [821 NYS2d 309]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After receiving anonymous information that petitioner had allegedly raped another inmate, a correction sergeant interviewed a number of inmates and spoke to the victim of the sexual assault who reported that petitioner had forced him to submit to anal intercourse. As a result, petitioner was charged in a misbehavior report with committing a sexual offense, engaging

in inappropriate physical contact, being out of place and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of the first two charges, but not of the latter two. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the documentary evidence and testimony adduced at the hearing as well as the confidential testimony considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Chaney v Goord*, 26 AD3d 605, 606 [2006]; *Matter of Horton v Allard*, 25 AD3d 1048, 1049 [2006]). Contrary to petitioner's claim, the Hearing Officer properly assessed the reliability of the confidential testimony. The Hearing Officer independently evaluated the credibility of the confidential inmate witness by conducting a personal interview (*see Matter of Camacho v Goord*, 18 AD3d 1046, 1047 [2005]). The Hearing Officer was not required to personally interview each of the inmates who implicated petitioner as the perpetrator of the assault because the investigating sergeant who questioned them gave detailed confidential testimony of his investigation, thereby allowing the Hearing Officer to make his own independent assessment of the inmates' reliability (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]). As substantial evidence supports respondent's determination, we find no reason to disturb it.

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.