■ In the Matter of ANDRE KIRBY, Petitioner, v LUCIEN J. LECLAIRE, JR., as Commissioner of Correctional Services, Respondent. [850 NYS2d 300]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

An investigation revealed that petitioner, a prison inmate, asked his wife to bring marihuana and DVDs into the facility during a visit. When she subsequently arrived at the facility for the visit, several DVDs were confiscated from her, but she did not have any marihuana with her. As a result, petitioner was found guilty following a tier III disciplinary hearing of attempting to possess marihuana and soliciting another to smuggle DVDs. The determination was affirmed on administrative appeal with a modified penalty and this CPLR article 78 proceeding ensued.

We confirm. Substantial evidence in the form of the detailed misbehavior report, a written statement from petitioner's wife and testimony adduced at the hearing, including confidential testimony considered by the Hearing Officer in camera, support the determination of guilt (see Matter of Reddick v Goord, 43 AD3d 503, 503 [2007]; Matter of Turner v Goord, 32 AD3d 1119, 1120 [2006], lv denied 8 NY3d 804 [2007]). Contrary to petitioner's assertion, the Hearing Officer was not required to independently assess the credibility of the confidential informant who triggered the investigation inasmuch as the finding of guilt was based upon evidence independent of such confidential information (see Matter of Filpo v Goord, 37 AD3d 891, 892 [2007]). Likewise, the record does not substantiate petitioner's claim that the Hearing Officer was biased nor is there any indication that the determination flowed from any alleged bias (see Matter of Lewis v Goord, 43 AD3d 1259, 1259 [2007]). Petitioner's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be unavailing.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.