■ In the Matter of MICHAEL MACKIE, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [853 NYS2d 218]—

Pursuant to an investigation, facility personnel approached petitioner's spouse during a scheduled visitation, whereupon she surrendered 10 latex glove tips containing approximately 30 grams of "a green vegetable material which she admitted was marihuana." As a result, petitioner was charged in a misbehavior report with conspiring to introduce drugs and soliciting others to smuggle drugs into the facility. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty of 12 months in the special housing unit and a corresponding loss of privileges was imposed. Petitioner's administrative appeal proved unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.

Preliminarily, we reject petitioner's assertion that the hearing was not completed in a timely fashion, as the record reflects that valid extensions were obtained to accommodate, among other things, petitioner's request for certain witnesses (*see Matter of Farrell v Selsky*, 32 AD3d 1103, 1104 [2006]). Moreover, the regulatory time limits are directory, not mandatory, and we reject petitioner's contention that he was prejudiced by the resulting delay (*see Matter of Chaney v Selsky*, 37 AD3d 983, 984 [2007]).

As for petitioner's claim that the Hearing Officer erred in failing to provide him with a copy of his spouse's sworn statement, we need note only that the text of that statement was read into the record, petitioner was afforded an opportunity to review the statement and he used the contents thereof to both raise various objections and question his spouse. Therefore, we are unable to discern any prejudice to petitioner.

With regard to the omission of certain NIK testing documents, where, as here, an inmate is charged with smuggling and conspiracy, "the documentation requirements of 7 NYCRR 1010.5 do not apply" (*Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]) and, in any event, petitioner's spouse admitted that the substance was marihuana. Finally, the misbehavior report, the testimony adduced at the hearing, the transcript of a three-way telephone conversation between petitioner, his sister and his wife and the confidential information contained in the record provide substantial evidence of petitioner's guilt (*see id.* at 564; *Matter of Johnson v Goord*, 7 AD3d 863, 863-864 [2004]).

Cardona, P.J., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.