■ In the Matter of CESAR MASTROPIETRO, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS, Respondent. [862 NYS2d 131]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit conspiring to

introduce and soliciting others to smuggle drugs into a correctional facility. Following a tier III disciplinary hearing, petitioner was found guilty as charged and a penalty was imposed. Upon administrative review, the penalty was modified. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination of the Commissioner of Correctional Services.

We confirm. Contrary to petitioner's assertion, the misbehavior report was sufficiently detailed to apprise him of the nature of the charges and enable him to prepare a defense (*see Matter of Britt v Goord*, 39 AD3d 994 [2007]). Notably, the relevant regulations do not "require the itemization in evidentiary detail of all aspects of the case" (*Matter of Quintana v Selsky*, 268 AD2d 624, 625 [2000]). Such report, coupled with the testimony of the authoring correction officer, provide substantial evidence of petitioner's guilt.

Although petitioner challenges the omission of certain documentary evidence relative to the testing of the drug seized, we need note only that "where, as here, an inmate is charged with smuggling and conspiracy, 'the documentation requirements of 7 NYCRR 1010.5 do not apply' " (*Matter of Mackie v Goord*, 49 AD3d 952, 953 [2008]; *see Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]). Nor are we persuaded that petitioner was denied the right to call relevant witnesses. The two witnesses that petitioner requested testified at the hearing, and petitioner was allowed to pose questions to such witnesses through the Hearing Officer. Having failed to request any additional witnesses, petitioner cannot now be heard to complain. Moreover, petitioner's conditional right to call witnesses does not entail the right of cross-examination (*see Matter of Colon v Goord*, 245 AD2d 582, 583-584 [1997]).

Finally, "there is no authority for petitioner's assertion that he should have received credit toward his administrative penalty for time spent in confinement before the hearing" (*Matter of Starks v Goord*, 2 AD3d 1117, 1117-1118 [2003]). Petitioner's remaining contentions, including his claims that he received inadequate employee assistance and that the Hearing Officer evidenced bias, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.