■ In the Matter of HAROLD J. SCOTT, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [868 NYS2d 816]—

Kavanagh, J.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rule that prohibits the use of controlled substances. After an administrative appeal, which modified his penalty but affirmed the finding of guilt, petitioner commenced this CPLR article 78 proceeding.

We confirm. The two tests performed on urine specimens taken from petitioner resulted in positive findings for the presence of opiates. Contrary to petitioner's claim, the fact that the urinalysis testing machine used to examine the specimens was not calibrated between each test as required by 7 NYCRR former 1020.4 (e) (1) (iv) did not deprive petitioner of due process.[1] While the machine was not calibrated between the tests, respondent's regulations require personnel to "precisely follow procedures recommended by the manufacturer for the operation of the testing apparatus" (7 NYCRR 1020.4 [e] [1] [iii]), and those instructions do not require calibration of the machine before each test is performed.[2] Moreover, petitioner has failed to show how he was prejudiced by the manner in which the

1. Since petitioner's hearing, 7 NYCRR 1020.4 (e) (1) (iv) has been amended, effective March 12, 2008, to eliminate the need for recalibration after each test.

2. Directive No. 4937 requires compliance with manufacturer's directions and instructions. This directive was issued prior to petitioner's hearing but

machine was operated, or because it was not calibrated between the two tests (*see Matter of Paige v Goord*, 19 AD3d 908, 909 [2005]). Simply stated, the urinalysis testing machine was operated in compliance with the instructions of the manufacturer (*see* 7 NYCRR 1020.4 [e] [1] [iii]).

Petitioner also claims that the Hearing Officer was not authorized to conduct the hearing and that, during the hearing, he engaged in an unrecorded conversation with the individual who operated the urinalysis testing. Since petitioner failed to object or otherwise raise either issue before the Hearing Officer, neither is preserved for our review (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Vaughn v Selsky*, 276 AD2d 958, 959 [2000], *appeal dismissed* 96 NY2d 753 [2001]).

We also find no merit to petitioner's claims that he received inadequate employee assistance and that he was improperly denied the right to call witnesses at the hearing. Specifically, petitioner claims that his employee assistant only obtained some of the documents that he requested to establish that the tests had been improperly performed. However, the record reveals that the Hearing Officer arranged for additional documents to be produced in response to petitioner's request and, in fact, provided petitioner with all of the documents that were relevant to the operation of the machine and the performance of each test (*see Matter of Parkinson v Selsky*, 49 AD3d 985, 986-987 [2008]; *Matter of Davila v Selsky*, 48 AD3d 846, 847 [2008]; *Matter of Blackwell v Goord*, 5 AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]). Petitioner has not shown that the assistance he received was so deficient as to prevent, or in any way impair, his ability to prepare and present a defense to the charges filed against him at the hearing (*see Matter of Amaker v Selsky*, 43 AD3d 547, 547-548 [2007], *lv denied* 9 NY3d 814 [2007]; *Matter of Martino v Goord*, 38 AD3d 958, 959 [2007]). As for the witnesses that petitioner requested be called at the hearing, the record establishes that either their testimony was not relevant or it was cumulative and redundant to evidence already produced at the hearing (*see Matter of Burgess v Selsky*, 50 AD3d 1347, 1348 [2008]; 7 NYCRR 254.5 [a]).

Finally, petitioner claims that the content of the misbehavior report was not sufficiently specific as it did not provide him

---

was not, at that time, filed, as required, with the Department of State (*see* Executive Law § 102; *Matter of Jones v Smith*, 64 NY2d 1003, 1004-1006 [1985]). However, inasmuch as the testing was done in compliance with 7 NYCRR 1020.4 (e) (1) (iii), the fact that Directive No. 4937 was not properly promulgated does not require a different result.

with notice as to the nature of the charges being filed against him or the time and date of their commission (*see* 7 NYCRR 251-3.1 [c]). That claim is simply not supported by a fair reading of the misbehavior report, which charged petitioner with testing positive for opiates based on an analysis of urine specimens obtained from him on February 18, 2007 and February 20, 2007 (*see* 7 NYCRR 251-3.1 [c]; *Matter of Mastropietro v New York State Dept. of Corrections*, 52 AD3d 1125, 1126 [2008], *lv denied* 11 NY3d 711 [2008]; *Matter of Bonaparte v Goord*, 289 AD2d 913, 914 [2001]).

Petitioner's remaining claims, including his challenge to the penalty imposed, have been reviewed and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.