In the Matter of JAMES PETTUS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [897 NYS2d 263]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered July 15, 2009 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

After a prison employee received a letter written by petitioner that contained abusive and obscene language in reference to another prison employee, petitioner, an inmate, was charged in a misbehavior report with harassment and violation of facility correspondence procedures. Petitioner was found guilty of both charges following a tier III disciplinary hearing and that determination was affirmed upon administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and petitioner now appeals.

We affirm. Contrary to petitioner's contention, the Hearing Officer was not precluded from presiding at the disciplinary hearing because petitioner had named him as a defendant in an unrelated lawsuit, and the record indicates that the determination flowed from the evidence presented rather than any alleged bias (*see Matter of Partee v Bezio,* 67 AD3d 1224 [2009]; *Matter of Burgess v Goord,* 34 AD3d 948, 949 [2006], *lv denied* 8 NY3d 813 [2007]). We also find, particularly in light of petitioner's admission during the hearing that he authored the letter in question, that the Hearing Officer did not err in denying petitioner's request to call several witnesses whose testimony would have been redundant or irrelevant (*see Matter of Brown v Taylor,* 62 AD3d 1230, 1231 [2009]; *Matter of Scott v Fischer,* 57 AD3d 1035, 1036 [2008], *lv denied* 12 NY3d 705 [2009]). Contrary to petitioner's contention that his outgoing mail was improperly opened in violation of 7 NYCRR 720.3 (e) and,

therefore, the letter should not have been admitted into evidence against him, the record indicates that the intended recipient actually viewed the letter before forwarding it to the correction officer who authored the misbehavior report. Finally, designation of the instant infractions as tier III violations was permissible (see 7 NYCRR 270.2 [B] [8] [ii]; [26] [ii]).

Petitioner's remaining contentions have been reviewed and determined to be without merit.

Peters, J.P., Spain, Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.