■ In the Matter of JOHN WASHINGTON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [903 NYS2d 799]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation, correction officials obtained information suggesting that petitioner and another inmate were conducting an illicit drug business in the correctional facility. It was further disclosed that petitioner conspired with other inmates to have a third inmate, who owed him money, assaulted and that this inmate was later attacked, sustaining a serious cut to his face that required hospitalization. Additional information revealed that the inmate who carried out the attack gave the weapon to petitioner who, in turn, gave it to another inmate for disposal. As a result of this incident, petitioner was charged in a misbehavior report with numerous prison disciplinary rule violations, including engaging in violent conduct, conspiring to assault another inmate, possessing a weapon, smuggling and conspiring to sell drugs. Petitioner was found guilty of these five charges at the conclusion of a tier III disciplinary hearing. On administrative appeal, the charge of conspiring to sell drugs was dismissed, but the determination of guilt was otherwise affirmed. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony adduced at the hearing and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Hill v Fischer*, 69 AD3d 1103, 1103 [2010]; *Matter of Griffith v Selsky*, 53 AD3d 884 [2008]; *Matter of Soto v Goord*,

275 AD2d 872, 873 [2000]). Contrary to petitioner's claim, the record reveals that the confidential information was sufficiently detailed to enable the Hearing Officer to independently assess its reliability and credibility (*see Matter of Plowden v Bunn*, 38 AD3d 1107, 1108 [2007]; *Matter of Roman v Goord*, 284 AD2d 604, 605 [2001]). Petitioner's remaining contentions are unavailing. Therefore, we find no basis for disturbing the determination at issue.

Mercure, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.