■ In the Matter of RONNIE COVINGTON, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [903 NYS2d 284]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After a search of petitioner's prison cell revealed several items for which he did not possess permits, he was served with a misbehavior report charging him with, as relevant here, possession of contraband. Following a tier II disciplinary hearing, petitioner was found guilty of that charge and his administrative appeal was denied. He then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report and the hearing testimony, including petitioner's admission that he did not possess permits for three of the confiscated items, provide substantial evidence to support the determination of guilt (*see Matter of Valerio v New York State Dept. of Correctional Servs.*, 67 AD3d 1228 [2009]; *Matter of Butler v Fischer*, 67 AD3d 1112 [2009]). Petitioner's claim that he was authorized to possess the items, without any supporting documentation, raised an issue of credibility to be determined by the Hearing Officer (*see Matter of Silverstein v Bezio*, 65 AD3d 1424, 1425 [2009]). With regard to petitioner's contention that he was improperly denied the right to question certain witnesses and obtain certain records, we find that, inasmuch as they bore no relevance to whether he was permitted to possess the items in question, the denial was proper (*see Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164 [2010]). Finally, our review of the record demonstrates that the finding of guilt resulted from the evidence presented against petitioner rather than any alleged hearing officer bias (*see Matter of Quartieri v New York State Dept. of Correctional Servs.*, 70 AD3d 1071, 1072 [2010]).

We have examined petitioner's remaining contentions and have found them to be moot, unpreserved or without merit.

Peters, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.