■ In the Matter of INJAH TAFARI, Appellant, v BRIAN FISCHER, as COMMISSIONER OF CORRECTIONAL SERVICES, Respondent. [913 NYS2d 777]—

Appeal from a judgment of the Supreme Court (Muller, J.), entered March 23, 2010 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

As the result of a series of letters written to a female prison employee and letters to family members seeking to discover that employee's home address, petitioner, a prison inmate, was served with three misbehavior reports. A tier III disciplinary hearing was held for each report. As a result, petitioner was found guilty of, as relevant here, stalking, harassment and refusing a direct order, and those determinations were upheld on administrative review. Petitioner thereafter commenced a CPLR article 78 proceeding to challenge the three determinations. Supreme Court dismissed petitioner's application and he now appeals.

We affirm. Petitioner's principal contention on this appeal is that he was denied witnesses during his three disciplinary hearings. First, addressing the December 2, 2008 hearing, we reject petitioner's contention that the Hearing Officer failed to make the proper effort to determine why certain inmate witnesses refused to testify. Where inmate Hart never agreed to testify in the first instance, and the record demonstrates that he refused because he did not want to be involved, we cannot say that petitioner was deprived of his right to call that witness (*see Matter of McFadden v Venettozzi*, 65 AD3d 1401, 1402 [2009]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Similarly, where inmate Rosario originally agreed to testify, the Hearing Officer's personal interview of him, despite the inmate's refusal to provide a reason for not testifying, adequately protected petitioner's right (*see Matter of West v Bezio*, 63 AD3d 1464, 1465 [2009]; *Matter of Hill v Selsky*, 19 AD3d at 67). With regard to petitioner's request to call as witnesses members of his family to whom he had written in an attempt to acquire the employee's home address, we find that they were properly denied as having no relevant testimony inasmuch as they never received petitioner's letters (*see Matter of Abreu v Bezio*, 71 AD3d 1341, 1341-1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]; *Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d 1164, 1164 [2010]).

Turning to the December 17, 2008 hearing, we likewise find that the Hearing Officer properly denied petitioner's requested inmate witnesses as irrelevant. While petitioner sought their testimony to establish that the employee had told him that it

was permissible to send her a letter, the charges against petitioner were based upon the content of the letter, not the fact that he had sent it (*see Matter of Abreu v Bezio*, 71 AD3d at 1341-1342; *Matter of Pettus v New York State Dept. of Correctional Servs.*, 70 AD3d at 1164). Likewise, petitioner's requested inmate witnesses for the December 30, 2008 hearing were properly denied as irrelevant where, again, he sought them for the same reason but the charges against him arose from the fact that he sent the employee another letter after he had been given a direct order to refrain from communicating with her.

Petitioner's remaining arguments have been considered and are either unpreserved or without merit.

Mercure, J.P., Spain, Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.