██ In the Matter of RICHARD DADE, Petitioner, v NORMAN BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [912 NYS2d 454]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule that prohibits inmates from possessing any Uniform Commercial Code forms without prior written authorization from the facility superintendent (*see* 7 NYCRR 270.2 [B] [14] [xx]). At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the underlying determination.

We confirm. The misbehavior report and petitioner's own testimony constitute substantial evidence of petitioner's guilt (*see Matter of Covington v Smith*, 75 AD3d 708 [2010]; *Matter of Devaughn v Bezio*, 75 AD3d 673 [2010]). Petitioner readily admitted that the forms in question were his, that he was aware of the rule prohibiting his possession of them and that he did not have prior written authorization to do so. Petitioner's claim that he no longer "possessed" the items once he placed them in the outgoing mail is specious. To the extent that petitioner

argues that his outgoing mail improperly was opened, petitioner acknowledged that the envelopes he submitted for mailing did not bear any return address, and Department of Correctional Services Directive No. 4422 (III) (B) (13) permits facility personnel to open an inmate's outgoing mail where, as here, the correspondence does not contain a return address (*cf. Matter of Reid v Coughlin*, 213 AD2d 950, 951 [1995]). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.