In the Matter of ANGELO PISANO, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [930 NYS2d 304]—

Following an investigation, during which information was received from confidential sources indicating that petitioner was selling marihuana in the correctional facility where he was incarcerated, petitioner was charged in a misbehavior report

with engaging in an unauthorized exchange and selling drugs. The resulting tier III disciplinary hearing was reversed on procedural grounds and a rehearing was ordered. Following a rehearing on the charges contained in the original misbehavior report, petitioner was found guilty and the determination was affirmed on administrative appeal. The penalty included a recommended loss of six months of good time, which the Time Allowance Committee withheld in computing petitioner's conditional release date. Petitioner commenced this CPLR article 78 proceeding challenging the disciplinary determination, as well as the determination of the Time Allowance Committee.

We confirm. The misbehavior report, together with the testimony of the sergeant who prepared it and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Washington v Fischer*, 74 AD3d 1659, 1659 [2010]; *Matter of Rympalski v Goord*, 19 AD3d 960 [2005]). Contrary to petitioner's claim, the Hearing Officer properly conducted an independent assessment of the reliability of the confidential information received by questioning the correction sergeant involved in the investigation, as well as a confidential source (*see Matter of Alba v Goord*, 6 AD3d 847, 847 [2004]; *Matter of Fernandez v Goord*, 304 AD2d 1005, 1005-1006 [2003]). Moreover, inasmuch as the misbehavior report was written as the result of an ongoing investigation into the sale of marihuana at the facility and set forth the nature of the transactions as well as the particular rules violated, we find that the report as a whole provided petitioner with adequate notice of the charges to enable him to prepare a defense (*see Matter of Catlin v Gouverneur Correctional Facility*, 38 AD3d 1025, 1026 [2007]; *Matter of Jackson v Smith*, 13 AD3d 685, 685 [2004], *lv denied* 4 NY3d 707 [2005]). Likewise, while petitioner complains that he was not given adequate employee assistance, the record establishes that he received assistance after the misbehavior report initially was written, and any additional documents and/or witnesses he requested prior to the rehearing were provided by the Hearing Officer, thereby remedying any deficiencies and alleviating any prejudice (*see Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]; *Matter of Otero v Selsky*, 9 AD3d 631, 632 [2004]). Lastly, upon reviewing the record, we find no impropriety in the actions of the Time Allowance Committee in withholding petitioner's good time credit when computing his conditional release date. Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Rose, J.P., Lahtinen, McCarthy, Garry and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.