■ In the Matter of ABRAHAM MALDONADO, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [946 NYS2d 709]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was escorted to a funeral home to attend his brother's funeral viewing. Petitioner's relatives were also present. Upon petitioner's request to use the bathroom, one of the correction officers searched the bathroom and discovered numerous balloons containing tobacco and other items secreted in the towel holder. Petitioner was charged in a misbehavior report with attempt to possesses excessive tobacco and attempt to smuggle. Following a disciplinary hearing, petitioner was found guilty of the attempted smuggling charge. The determination was upheld on administrative appeal and this CPLR article 78 proceeding ensued.

Initially, we are unpersuaded by petitioner's contention that the gaps in the hearing transcript are so deficient as to preclude meaningful review (*see Matter of Wallace v Prack*, 93 AD3d 1056 [2012]; *Matter of Povoski v Fischer*, 93 AD3d 963 [2012]). To that end, the misbehavior report and testimony at the hearing, including that of the author of the misbehavior report who investigated the incident and testified that petitioner admitted during an interview* that one of his family members left the tobacco for him, provide substantial evidence to support the determination of guilt (*see Matter of Borcsok v Selsky*, 296 AD2d 678, 678-679 [2002], *lv denied* 98 NY2d 616 [2002]), notwithstanding that there is evidence to support a contrary conclusion. Furthermore, it was within the Hearing Officer's purview to resolve any conflict in the evidence and testimony presented (*see Matter of Nunez v Unger*, 93 AD3d 986 [2012]; *Matter of Borcsok v Selsky*, 296 AD2d at 679). Finally, petitioner's contention that the Hearing Officer was biased is not preserved for our review because he did not raise that issue on administrative appeal or in his petition (*see Matter of Ifill v Fischer*, 72 AD3d 1367, 1368 [2010]).

Mercure, J.P., Spain, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* According to the Attorney General, the videotaped interview played at the hearing was inadvertently recycled and, therefore, could not be submitted to this Court for review. In any event, the record establishes that the videotaped interview contained no sound recording.